# Hogan and Wife v. Stone & Co.

1. In the absence of fraud or gross negligence, a mortgagee in possession, is not chargeable with the value of the rent of the premises, but only with the rent actually received.
2. A mortgagee in possession, is not chargeable with interest on rent received by him, unless there be some peculiar circumstances in the case, making it proper he should be so charged.
3. A witness, who has purchased an interest in real estate, to which it is afterwards ascertained the vendor has no title, is competent to prove the amount of the rent received, and improvements made, by such vendor.
4. Where a purchaser under a deed of trust, is by a decree of the court, required to account as a mortgagee, and allowed the benefit of lasting improvements made by him, the value of such improvement is ascertained by its *cost*, and not by its *value* at the time of taking the account.

Error to the Circuit Court of Mobile, sitting in Chancery.

THIS case is brought to this court, on exceptions to the report of the Master in chancery. The order of the court, directs a report on the following matters:

1st. Of the amount of money paid by A. F. Stone & Co. on account of their said indorsement for said Hogan, as in said deed of trust mentioned, and of the interest thereon.

2d. Of the reasonable rents and profits of said premises, from the time said Stone & Co. received possession thereof, under said lease from Hogan, as in his bill mentioned, and interest on such payment as he made to said Stone & Co. since they received possession thereof.

The Master reported,

1st. That the debt of Hogan to the defendants, being money paid by them for him, and interest thereon, was   $5632 26

2d. That the rents and profits received by the defendants, amounted to   5776 52

3d. That the payments made by Hogan on said debt and interest amounted to   3236 95

Hogan and wife v. Stone & Co.

4th. That the value of the lasting improvements
were ⸱                                                    4484 00
5th. That the balance due from Hogan, was        ⸱    1102 76

To this report, the complainant filed exceptions,

1st. That M. D. Eslava was admitted as a witness, when he was interested.

2d. That his evidence was taken as the basis of the report.

3d. That no interest was allowed on the rents.

4th. That the masters report is not founded on all the evidence, and should be larger.

5th. That the master has charged only the rent actually received, and not the reasonable value of the rent.

6th. That the allowance for improvements was not supported by the proof, and was excessive.

The court overruled the exceptions, and decreed that the complainant should be allowed to redeem, on the condition of paying the balance found by the master.

The evidence on which the report is founded, was the evidence of J. J. Vanroy, who proved that in November, 1824, A. F. Stone & Co. built an addition to the wharf, which cost $600; that the addition was a necessary one, and that a warehouse was built the latter part of 1825, or early in 1826; does not know the cost; and some filling up done; thinks $130 a fair charge for it; that the lot was fenced in about the same time. That $400 was a reasonable rent for the lot and wharf, up to 1826.

M. D. Eslava proved, that the wharf and lot from September 1826, had been leased to him; that he paid five hundred dollars rent for it, per year, until 31st October, 1832, and from that to the 1st November, 1835, seven hundred dollars. That for the last year, ending 31st October, 1835, he rented the wharf to Jude, at eight hundred dollars; that the above was a fair and reasonable rate for the premises; and he thinks they could not have rented for more then: that in 1829, he rented the wharf alone to Terry, for five hundred dollars; that he deducted from the rent, taxes and other charges for repairs, as per account here-

unto annexed.    He further states, that he purchased in 1833, one undivided fourth part of said lot from defendants.

From this decree the complainant prosecutes his writ of error to this court, and now assigns for error,

1st. The court erred, in overruling the exceptions to the report of the Master.

2d. The court erred, in rendering a final decree requiring the complainant to pay the amount found due by the report.

STEWART, for the plaintiff in error, cited, Powell on Mortgages 949, 957: 5 Pickering's Rep. 160.

LESSESNE, contra, cited 2 Marshall's Rep. 339: 3 Mass. Rep. 153: 1 Jacob. & Walker 650: 1 Hopkins' Rep. 283: Powell on Mortgages 987, note 1: Gressly Eq. Ev. 241, 248, '9: 1 Ch. Ca. 258: 1 Equity Ca. ab. 328: 1 Vernon, 476: 3 Bac. ab. 657: 5 Munford 426: 1 Vernon's Rep. 45.

ORMOND, J.—The points discussed at the bar, in this case, are,

1st. Was Eslava a competent witness to prove the amount of rent and repairs.

2d. Are the defendants chargeable with the *value* of the rent of the premises, or only with the rent *actually received.*

3d. Was it right to charge the value of the lasting improvements made, at their costs, or should their value have been ascertained at the time of the reference.

4th. Should interest not have been charged, on the amount received for rents.

Mr. Eslava was examined as a witness before the Master, to prove the rent received, by the defendant, Le Pretre.   For this purpose, he was the best witness that could be produced, as he had himself rented the mortgaged premises, and best knew the amount paid; but it is said he was incompetent, from interest.   This interest is supposed to consist in his having purchased from Le Pretre, one third part of the premises, at a time when Le Pretre was considered the owner, having purchased at a trust sale, which this court afterwards decreed to be void.

It is not easy to conceive how this could render him incompetent to prove a fact, in no way connected with the title. The counsel were understood to rest their objection on the right of the witness to the amount which might be decreed in favor of Le Pretre, to reimburse him, for his purchase money. But it is not shown that Le Pretre is not amply able to satisfy Eslava without having recourse to this fund; and we therefore decline examining the question of his right to this fund, beyond any other creditor of Le Pretre. It is very certain, that the witness had no interest in the question, about which he was called to testify.

It is the settled practice in England, that a morgagee in possession, is not accountable for the *value* of the lands, but only for the profits actually realized, unless he be guilty of fraud, or wilful default. (See the cases collected by Powell on mortgages 949.) Such have also been the decisions in Virginia, Kentucky, and Massachusetts, as is well settled by the cases cited by the counsel for the defendant in error. With the reasons and propriety of these decisions, we are perfectly satisfied. In this case, to hold otherwise, would be productive of the grossest injustice. The purchase of Le Pretre, under the deed of trust, was by this court declared void. The lease to Eslava, was made while the defendant might have supposed the property was his own. To hold him accountable to the complainant for any rise in the property, or for any profit the lessee might have made by underletting, would be a great hardship. A mortgagee in possession is only required to deal with the property as a prudent man would do with his own.

The reasoning here employed would seem to point to the conclusion, that the morgagee should not be chargeable with *interest* on the rent received. He is not entitled to charge for his trouble in managing the estate, not even when there is an agreement to that effect, with the mortgagor. (French v. Baron 2 Atkins, 126.) Nor for a receiver, unless the estates be so distant that one is necessary, 1 Vernon 316: Davis v. Dandey, 3 Maddox 170. Nor can he make a charge for any but permanent

repairs or improvements, Godfrey v. Watson, 3 Atkins, 518. Such being his responsibilities it would not be equitable, to charge him with interest on money, which may lie dormant in his hands; —and such is the established principle in England, where interest is not charged on the account taken of the rents and profits, unless there be some peculiarity in the case; as where no interest is in arrears, when the mortgagee takes possession, Shepard v. Elliott, 4 Maddox 254; or where the rent greatly exceeds the interest of the mortgage debt; in which event annual rests are directed to be made, and after the payment of the interest, the excess is applied to sink the principal. See the cases cited, in which this principle is established in Powell on mortgages, 949 —a, and Coote on mortgages, 556. So in the case of Breckenridge v. Brooks, 2 Marshall 340, which was elaborately considered on a rehearing, it was determined that the mortgagee in possession, was not chargeable with interest on rent received.

These decisions in our opinion, are founded in justice. The mortgagor can at any time, regain the possession of the property, by paying the debt. If he does not do so, and the mortgagee is at the trouble of paying himself, it is not reasonable that he should be charged with interest on the amount thus received, in small sums and at remote intervals, which are never of so much value as when the whole amount is received at once.

In Gibson v. Crehore, (5th Pickering, 146,) the court charged the mortgagee in possession, with interest on the rents and profits; but that case was decided on its own circumstances, the court considering that the widow was precluded by the purchase of the mortgage, from claiming her dower without filing a bill to redeem, and the court declined determining the general rule. But in that case, it is to be observed, that five per cent. commission was allowed on the rents and profits received, by the assignee of the mortgage.

There are peculiar circumstances in this case, which would make it improper to charge interest on the rents received, as the defendant was in possession under a purchase, and is only a *constructive* mortgagee in possession; but we prefer to rest the

Hogan and wife v. Stone & Co.

case on the general rule applicable to such cases, which is, that a mortgagee in possession, is not chargeable with interest on the rent or profits of the estate, unless there be some circumstances connected with the transaction, making it proper he should be so charged.

The previous decree made in this case, directed the defendant to be credited with the value of all lasting improvements, made on the property.    It is insisted that the value, at the time of taking the account, should be the criterion, and not the costs of making such improvements.

The decree ascertains that the defendant shall be entitled to a credit for lasting improvements, and such is the general rule in these cases.    But there is a peculiar propriety in allowing it in this case, and to estimate it by the actual cost; for not only was the rent enhanced thereby, the improvement being the building a wharf and warehouse, filling up water lots, &c.; but the improvements were made as before stated, by the defendant, under the impression that he was the owner.    They were permanent in their character; the complainant has had the full benefit from them in the receipt of the rent, and must reimburse the defendant by allowing him the cost of their erection.

It results from this examination, that there is no error in the decree of the court below, and it is therefore affirmed, at the cost of the complainant in error.