[Perdue v. Brooks Brothers.]

# Perdue *v.* Brooks Brothers.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Account and Redemption.*

| | |
|---|---|
| 85 | 459 |
| 107 | 352 |
| 85 | 459 |
| 112 | 545 |
| 85 | 459 |
| 127 | 432 |
| 85 | 459 |
| 132 | 162 |
| 132 | 163 |

1. · *Usury in mortgage, as against assignee; estoppel.*—Where the mortgagor induces the mortgagee to advance for his accommodation, and to obtain indulgence, the amount due on a mortgage of other property to a third person, which is thereupon assigned to him, he is estopped from setting up usury in the debt so paid and assigned.

2. *Rents as between mortgagor and mortgagee.*—If the mortgagor, while in possession, promises to pay rent, giving his note for the agreed amount, which is afterwards paid, he is entitled to a credit for the amount so paid, on statement of the accounts under a bill to redeem; and the same principle applies where the instrument declared a mortgage is in form an absolute conveyance.

3. *Liability of mortgagee for waste.*—On statement of the accounts under a bill to redeem, the mortgagee is liable for waste committed by him by the destruction of timber on the mortgaged lands, if done against the consent of the mortgagor; and the measure of damages is, not the value of the timber, but the diminished value of the land—that is, the difference in its market value before and after the destruction of the timber.

4. *Costs.*—Under a bill for redemption and account, where both parties are at fault—as, where the mortgagor made no offer to pay the balance due before filing his bill, and the mortgagee claimed that the conveyance was not a mortgage, but an absolute deed, as on its face it purported to be—the costs will be divided.

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 2d March, 1885, by Thomas Perdue, against Brooks Brothers as partners; and sought to have a conveyance, which was in form an absolute deed, declared a mortgage, and for an account and redemption under it; and it also prayed an injunction, or restraining order, to prevent the defendants from cutting timber on the mortgaged lands, or from disturbing the complainant's possession. The written instruments involved in the suit are described in the opinion of the court. The appeal is sued out by the complainant. Several rulings of the chancellor on the matters of account, and in dividing the costs between the parties, are assigned as error. The opinion states the material facts.

WATTS & SON, for appellant, argued each of the assignments of error, citing the following cases: *Schaeffer v. Cham-*

*bers,* 2 Halst. Ch. 548; *Youle v. Richards,* 23 Amer. Dec.
725; *Hannon v. Derby,* 2 Verm. 392: *Tarrant v. Lovell,*
3 Atk. 723; 1 Powell on Mortgages, 188–9; 1 Jones Mort.,
556, § 684; Eden on Injunctions, 118; *May v. Eastin,*
2 Porter, 414; *Meyer v. Johnston,* 53 Ala. 355.

RICHARDSON & STEINER, *contra.* (No brief on file.)

CLOPTON, J.—The questions arising in this case, with
one exception, relate to the report of the register as to the
state of the account between the parties, and the amount due
on the mortgages.

On January 20, 1883, appellant executed to appellees a
deed, absolute on its face, to the land in controversy, in con-
sideration of five hundred and thirty-eight dollars, which
they loaned or advanced to him to pay a prior mortgage on
the premises to J. M. Carr; and made to appellant an instru-
ment in writing, by which they agreed to reconvey the land
to him on payment of the money advanced. In February,
1883, appellant gave to J. J. Crenshaw a mortgage on per-
sonal property, to secure a debt of four hundred dollars. In
1884, appellees, at request of appellant, paid Crenshaw the
full amount due on his mortgage, and took a transfer of the
same. At the same time, the instrument of January 20,
1883, was surrendered to appellees, and they gave another
instrument, obligating themselves to reconvey the land on the
payment of eleven hundred and sixty-four 44-100 dollars,
and also any additional amount which appellant may owe
them for supplies during 1884. The bill is filed by appel-
lant to have the deed declared a mortgage, and to be let in
to redeem, and to have the Crenshaw mortgage satisfied and
cancelled. On the hearing, the chancellor decreed, that the
deed was intended as a security for the money advanced at
the time of its execution; and that the instrument of Feb-
ruary, 1884, does not operate to create an additional incum-
brance. It was referred to the register to state an account
of the amount due on each mortgage.

It being shown that usurious interest was charged in the
Crenshaw mortgage, appellant insists that the sum originally
loaned should be taken as the principal, and legal interest
counted thereon, in ascertaining the amount due on this
mortgage. It clearly appears that appellees paid Crenshaw,
by request of appellant, the full amount of the mortgage,
including the usurious interest; and it is not satisfactorily

shown that they had notice of the usury. The general rule is, that to cut off the defense of usury against non-commercial paper in the hands of a transferree, there must be a renewal of the debt, by giving a new security payable to the transferree. Mere taking a transfer of the paper in good faith, and without notice of the usury, is insufficient. But, though no new security is given, the debtor may by his conduct estop himself to set up the defense.—*McCullough v. Mitchell*, 64 Ala. 250. When the maker promises an innocent holder of usurious paper to pay it in consideration of delay, the promise may be enforced; and usury in an original contract, which has been changed by a new contract founded on it, can not be set up against an innocent party to the new contract.—*Palmer v. Severance*, 8 Ala. 53; *Jackson v. Henry*, 10 John. 185; *Gee v. Bacon*, 9 Ala. 699. The payment of the full amount due on the Crenshaw mortgage by appellees, at the instance and request of appellant, was an equivalent of the payment of the usury charged therein by appellant, which he could not recover back from Crenshaw. Having induced appellees, for his accommodation, and to obtain indulgence, to advance the money to pay the mortgage, and to hold it as security for the advance, appellant can not set up against them the usury in the mortgage originally.

The chancellor having decreed that the deed to the land is a mortgage, and there being no complaint of his decree in this respect, we must regard it as such in considering the rulings on the exceptions to the report of the register. Appellant rented the land from appellees during 1883 at the sum of one hundred and ninety-four dollars, which was included in a note for two hundred and forty-three dollars given to them; and re-rented during 1884, at the same rental, for which he gave his note. Both notes were paid. The appellees stand, therefore, in the position of a mortgagee in possession, and must be held liable for the rents received by them, when the mortgagor comes to redeem. In stating the account, the register applied the first note to an account, which appellees held against appellant, contracted in 1882 and 1883, and credited only the balance of the proceeds on the land mortgage. The proceeds of the second note were applied to an account contracted in 1884, and the balance of the proceeds was credited on the Crenshaw mortgage. A mortgagee, who has paid a prior incumbrance, is entitled to be repaid before the mortgagor will be allowed to redeem;

but he can not require as a condition to redemption the payment of other demands, which are not a charge on the land mortgage.—2 Jones Mort. § 1081. The payment of one hundred and ninety-four dollars as rent for each of the years 1883 and 1884 was a special appropriation, by agreement of the parties, of such payments. They are rents actually received by appellees, for which they are bound to account on redemption by the mortgagor, and should have been wholly applied to the reduction of the mortgage on the land. If any taxes on the land were paid by the appellees, the amount so paid should be estimated as a part of the mortgage debt.

It is the unquestionable duty of a mortgagee in possession to preserve the property in ordinary repair, and prevent it from going to waste. If he commits waste himself, he is liable for the damage suffered by the mortgagor. The evidence shows that appellees, for the purpose of preparing a part of the land for cultivation, destroyed a large quantity of timber. The register reported that appellant had suffered no damage therefrom. The reasons on which he based his conclusions are, the remoteness of the timber from market, and the want of a demand for timber because of the existence of a stock law in that section of the country, and that while appellant was damaged in having valuable timber destroyed, he is more than compensated by having the land rendered fit for cultivation, and capable of yielding a revenue. The register mistook the principles on which to determine whether or not appellant had suffered damage from the destruction of the timber. Witnesses may widely differ in their opinions, whether it was of benefit or disadvantage, each viewing the matter from his own standpoint. Ordinarily in cases of waste, the measure of damage is the diminution in value of the land—the difference between its market value before and after the destruction of the timber.—*Sloudenmire v. DeBardelaben*, 85 Ala. 85. The value of the timber destroyed is not necessarily equivalent to the depreciated value of the land, but may be regarded in the inquiry as to the extent of its diminution in value.—*Clark v. Zeigler*, 79 Ala. 346. The register, it seems, disregarded the evidence in reference to the decreased value of the land. It should be observed, however, that if the timber was destroyed with the consent of the appellant, the appellees not having taken any advantage of having the legal title absolute in

[Jones v. Richardson.]

form, he would not be entitled to hold them to an account for the destruction of the timber.

Though the bill contains an offer to pay whatever may be ascertained to be due on the mortgage, alleging that it was satisfied, it was filed without a previous attempt or offer to pay the amount justly due. Appellees claim the land as their own, and that the deed is what it purports to be, an absolute conveyance. The parties assert adverse rights, and both are at fault. In such case, a division of the costs is equitable.—*Hudson v. Kelly*, 70 Ala. 393.

Reversed and remanded.