# American Freehold Land Mortgage Company of London, Limited, v. Pollard; Pollard v. American Freehold Land Mortgage Company of London, Limited. (Cross Appeal.)

### Bill in Equity to Compel Mortgagor to Elect to Affirm or Disaffirm Sale Under Mortgage.

(Decided May 13, 1902.)

1. *Redemption, as between mortgagee and mortgagor; with what mortgagee chargeable; rents.*—On redemption as between a mortgagor and a mortgagee rightfully in possession, before foreclosure, in the absence of stipulations to the contrary, the mortgagee, if he has used the property himself, must account to the mortgagor for its reasonable rental value; or, if he has rented it, he is accountable for the rents received; he is also liable for loss of rents and profits resulting from his willful default or gross negligence, that is, from a failure to use reasonable care and diligence.

2. *Same; waste; how measured.*—The mortgagee's liability for waste in the sale of timber is measurable, not by what was received from sales of the timber, but by the depreciation in the value of the land caused by its being denuded of the timber.

3. *Same; with what mortgagee credited; repairs and taxes.*—On redemption the mortgagee is to be credited for expenditures in making repairs and paying taxes, which expenditures (where there are charges for rents and losses) are to be deducted from those charges.

4. *Same; improvements; increased rentals by reason of.*—The mortgagee is not allowed to increase the cost of redeeming by reason of improvements (as distinguished from repairs), nor is he chargeable with rents or rental values in so far as they are increased by such improvements.

5. *Redemption as between mortgagee in possession under voidable purchase at his own sale; rules governing.*—Where a mortgagee is in possession of land under purchase at his own sale, not being authorized by the power of sale to become the purchaser, as between him and the mortgagor seeking to re-

[American Freehold Land Mortgage Company of London, Limited,
v. Pollard; Pollard v. American Freehold Land Mortgage Company of London, Limited. (Cross Appeal.)]

deem, the same rules govern as between a mortgagee rightfully in possession, before foreclosure, and such mortgagor.

6. *Same; repairs made and taxes paid by mortgagee's vendee.*—On redemption between the mortgagor and a mortgagee who has purchased at his own sale, without authority so to do, and after such voidable purchase has sold to others, the mortgagee is not entitled to credit for repairs made and taxes paid by such vendees while they held possession as such.

7. *Same; waste by such vendee.*—A mortgagee on redemption is not chargeable with money received from the sale of timber cut from the lands by those to whom he has sold after his voidable purchase; but is liable for depreciation in the value of the land caused by such sales.

8. *Same; redemption where possession held and improvements made by mortgagee or third person under a bona fide claim of ownership; rules governing.*—Rules differing from those above stated are applicable where the possession has been held and improvements made by a mortgagee or a third person under a *bona fide* but mistaken claim of ownership.

9. *Election to affirm voidable sale under mortgage; when not final; amendment to bill; redemption in such case; Code, § 1540.* Where, on bill filed by a mortgagee in possession under a voidable purchase at his own sale, to compel the mortgagor to affirm or disaffirm the sale, the mortgagor elects to affirm it, and afterwards the bill is amended so as to make more burdensome upon the mortgagor the terms upon which her action was first invoked, she has a right to withdraw that election and to disaffirm the sale; and in such case the mortgagee cannot escape accountability as a mortgagee in possession by reason of the sale having been affirmed or by reason of his having sold the lands to another, nor is he protected under section 1540 of the Code providing for accountability of persons holding possession under color of title in good faith.

10. *Sale of premises by mortgagee who has purchased under voidable sale; effect of as between mortgagee and his vendee.* The action of a mortgagee who has purchased at his own sale, without authority so to do, in transferring possession of the property to his vendee, as between them, carries to the vendee the right to collect rents for himself.

11. *Same; effect of sale, as between mortgagee and mortgagor, on redemption.*—Such transfer of posession amounts to a voluntary abdication by the mortgagee of the duty imposed upon

[American Freehold Land Mortgage Company of London, Limited,
v. Pollard; Pollard v. American Freehold Land Mortgage Com-
pany of London, Limited. (Cross Appeal.)]

him of directing the profits of the land toward a reduction of
the mortgage debt, and makes him chargeable as for willful
default in obtaining profits during the vendee's occupation,
and he is not entitled to credit for improvements.

12. *Redemption; profits, how computed.*—On redemption, profit
charges are to be fixed at their net value, after deducting the
mortgagee's proper expenditures for taxes and repairs, and
such cost as the owner in possession, acting providently,
would necessarily be subjected to in making and collecting
profits, whether renting the land in one body or by parcels.

13. *Same; commissions to agents of non-resident corporation
(mortgagee) for collecting rents.*—On such redemption the
mortgagor is not to be prejudiced because the mortgagee was
a non-resident corporation and thereby compelled to pay
agents for attention to rents.

14. *Mortgages; foreclosure of for non-payment of installment; de-
claring whole debt due; interest.*—When, for default in pay-
ing installments of the mortgage debt, the mortgagee elected,
under the terms of the mortgage, to declare the whole debt
due, all interest which had then accrued under the contract
became due also; and it was proper to take into account, as
part of the mortgage debt, interest on a past-due interest-
note from its maturity to the time of such declaration.

15. *Mortgages, foreclosure; attorney's fees; amendment of bill;
Code, § 706.*—On a foreclosure suit, or bill filed by a mort-
gagee to compel an election by a mortgagor to affirm or dis-
affirm a sale, an amendment of the bill in respect of the
amount claimed as attorney's fees, under the stipulations of
the mortgage, is allowable under §' 706 of the Code, where
no final decree has been rendered settling the matter of at-
torney's fees.

16. *Same; attorney's fees on redemption.*—Where a bill is filed to
compel a mortgagor to elect to affirm or disaffirm a sale under
a mortgage, at which the mortgagee has become the pur-
chaser, and on accounting between the mortgagee and mort-
gagor on redemption, attorney's fees are not allowable for
services in resisting redemption except in so far as they
may have been necessary to collect the sum really due on the
mortgage.

17. *Equity practice; reference.*—Where an account has been stated
by a register under wrong directions contained in the decree
of reference, it is discretionary with the court of chancery
whether it will recommit the matter to the register, or will
state the account itself.

[American Freehold Land Mortgage Company of London, Limited,
      v. Pollard; Pollard v. American Freehold Land Mortgage Com-
      pany of London, Limited.  (Cross Appeal.)]

APPEAL from City Court of Montgomery, in Equity.
Heard before Hon. A. D. SAYRE.

The bill was filed by the appellant against Rebecca M.
Pollard and her husband, Charles T. Pollard.     The
prayer of the bill was that respondents be required to
elect whether they would disaffirm and avoid the pur-
chase by complainant, at its own sale, of the land em-
braced in a mortgage to it by respondents, and offered,
in the event of disaffirmance, to do equity generally and
to account for rents.   The bill further prayed, in event
of disaffirmance, a foreclosure of said mortgage.     The
respondent, Mrs. Pollard, filed an answer to the bill as
amended, which she made a cross-bill, and by which she
elected to disaffirm the sale, and prayed for a redemption
and accounting.

The cause has been in this court heretofore on three
appeals, which will be found reported in 103 Ala. 289,
120 Ala. 1, and 127 Ala. 227.   The opinion, taken in con-
nection with the reports on the former appeals, suffi-
ciently shows the facts.

KNOX & BOWIE, and WATTS, TROY & CAFFEY, for the
Mortgage Company.— (1.) The mortgagee is not charge-
able for more than one year's rent, under section 1540 of
the Code.—*Dozier v. Mitchell*, 65 Ala. 511; *Dudley v.
Witter*, 46 Ala. 664.

(2.)   There is no evidence of any willful default or
gross negligence in the renting of the lands by the mort-
gagee.—*Gresham v. Ware*, 79 Ala. 199; *Barron v. Pauld-
ing*, 38 Ala. 292; *Dozier v. Mitchell*, 65 Ala. 511.

(3.)   The rents with which the mortgagee is charge-
able must be estimated on the value of the property
when he took possession, and not on the increased value
by reason of permanent improvements subsequently
made.—*Gresham v. Ware*, 79 Ala. 199; *Dozier v. Mit-
chell*, 65 Ala. 562.

(4.)   The rents received by Armistead should not be
charged against complainant, becase he was holding ad-
versely to complainant and to respondent.—*Beard v.
Ryan*, 78 Ala. 37; *Jernigan v. Flowers*, 94 Ala. 508;

*State v. Connor,* 69 Ala. 212; *Walker v. Crawford,* 70 Ala. 567; *Riggs v. Fuller,* 54 Ala. 141; *Cooper v. Watson,* 73 Ala. 252; 3 Brick. Dig., p. 17, §§ 25, 31, 34.

(5.) When the interest on the debt is represented by coupons, they bear interest after maturity.—1 Jones on Mort., 653; 2 Jones on Mort., 1141; *Stickney v. Moore,* 108 Ala. 590.

(6.) The mortgage company is entitled to commissions paid its agents for attending to rents.—2 Jones on Mort., §§ 1131, 1132, 1138; 27 Ency. Law (1st ed.), 177; *Semple v. Marks,* 111 Ala. 637; *Rainsford v. Rainsford,* McMull.Eq. (S. C.) 16; *Johnson v. Lewis,* 2 Strobh. (S. C.) 157.

(7.) When the mortgagee makes permanent improvements supposing he has acquired an absolute title by foreclosure, upon a subsequent redemption he is allowed the value of them, especially if the mortgagor has by his actions to any extent favored the mistaken belief. 2 Jones on Mort., § 1128; 16 Ency. Law (2d ed.), 67-75; *Minor v. Beckman,* 50 N. Y. 337; *Benedict v. Gilman,* 4 Paige 58; *Troost v. Davis,* 31 Ind. 34; *Roberts v. Fleming,* 53 Ill. 198; *Gillis v. Martin,* 2 Dev. Eq. (N. C.) 470; *Bacon v. Cattrell,* 13 Minn. 194; 65 Wis. 481; 68 Iowa 326; 100 Mass. 271; 12 Pick. 40.

(8.) Mortgagee is entitled to credit for clearing lands.—16 Ency. Law (2nd ed.), 74; *Croseckbery v. Busch,* 116 Mich. 288; *Donohoo v. Johnson,* 113 Ala. 139.

(9.) The mortgagee was not chargeable with value of timber cut by Armistead.—*Perdue v. Brooks,* 85 Ala.

10.) The mortgagee is not liable for any wrong committed by Armistead.—2 Jones on Mort., 1123.

JOHN G. WINTER, MOORE & TEAGUE and E. F. JONES, for Pollard.—(1.) The amendment to the bill in respect of attorney's fees was not allowable, after the decree of December 7th, 1899, which was the final decree. Code, § 706; *McArthur v. Dane,* 76 Ala. 294; *McCurdy v. Middleton,* 90 Ala. 99; *Caldwell v. Smith,* 77 Ala. 168; *Hill v. Huckabee,* 70 Ala. 183; *Hunt v. Stockton,* 113 Ala. 387; *Smith v. Coleman,* 59 Ala. 260; *Beatty v.*

*Brown,* 85 Ala. 210; *Winter v. Merrick,* 69 Ala. 87; *Perkins v. Lumber Co.,* 32 Pac. Rep. 1118; *A. F. L. M. Co. v. McCall,* 96 Ala. 200.

(2.)  The complainant was not entitled to interest on the coupon notes.—*Cloud v. Ricord,* 6 Wash. 555.

(3.)  The mortgagee was not entitled to compensation for permanent improvements.—*Gresham v. Ware,* 79 Ala. 192; *Booth v. Baltimore Packet Co.,* 63 Md. 39.

(4.)  A mortgagee in possession must account for the rents actually received by him, as well as those which he could have received by the use of ordinary care and diligence.—2 Daniell's Chan. Pl. & Pr., (6th ed.), 1225; *Sloan v. Frothingham,* 72 Ala. 605.

(5.)  A mortgagee in possession is a trustee of the rents and profits and must account for them as such. *Turner v. Wilkinson,* 77 Ala. 368; *Morrow v. Turney,* 35 Ala. 131; *Toomer v. Randolph,* 60 Ala. 360; *Leeds v. Gifford,* 41 N. J. Eq., 466; *Dawson v. Drake,* 30 N. J. Eq. 601; *Shaeffer v. Chambers,* 1 Halstead Ch. 548; 47 Am. Dec. 211.

(6.)  Armistead, for the purposes of this case, must be treated as the mortgage company.—8 Ala. 572; *Morton v. N. & Selma Ry.,* 79 Ala. 605; *Bolling v. Carter,* 9 Ala. 921; *Center v. Bank,* 22 Ala. 757; *Malone v. Marriott,* 64 Ala. 486; *Metcalf v. Pulvertoft,* 2 Vesey, 204.

(7.)  Necessary repairs are distinguishable from improvements.—*Pittsburg R. R. Co. v. Pittsburg,* 80 Pa. St. 76; *Naye v. Noezel,* 50 N. J. L. 525; 1 N. J. Eq. 139; 2 Jones on Mort., § 1126, p. 86.

(8.)  The mortgagee is not entitled to charge for improvements made without the mortgagor's consent.—3 Pomeroy's Eq. Jur., § 1217, p. 1860; *Miller v. Cary,* 154 Ind. 52; 2 Jones on Mort., § 1127, p. 87; 16 Ency. Law, 120; *Southerland v. Merritt,* 120 N. C. 318; *Bradley v. Merritt,* 88 Me. 377; *Pierce v. Faunce,* 53 Me. 351.

(9.)  Armistead, purchasing the property *pendente lite,* takes it subject to the chances of the litigation. *Morton v. Selma Ry.,* 79 Ala. 605; 8 Ala. 572; 9 Ala. 921; 22 Ala. 757; 57 Ala. 293; 58 Ala. 277, 486; *Tilton v. Cofield,* 93 U. S. 168; *Gordon v. Tweedy,* 74 Ala. 232; *Horton v. Sledge,* 29 Ala. 478.

[American Freehold Land Mortgage Company of London, Limited,
　　v. Pollard; Pollard v. American Freehold Land Mortgage Com-
　　pany of London, Limited.　(Cross Appeal.)]

10.)　If the mortgagee is to be allowed anything for improvements, the allowance is not what they cost or their value, but the extent to which the value of the land was enhanced thereby.—16 Am. & Eng. Ency. Law, 75; Story's Eq. Jur., § 799; *McMurry v. Day*, 70 Iowa 674; 110 Cal. 627; 24 Neb. 461; 16 Iowa 455; 12 Lea (Tenn.) 274; *Hicks v. Blakeman*, 64 Miss. 481; *Bacon v. Thornton*, 16 Utah 138.

SHARPE, J.—Several questions arising in this suit have been passed on by this court on former appeals. See reports of the case in 103 Ala. 289, 120 Ala. 1, 127 Ala. 227.　As a result of these adjudications and after the last remandment, the case stood in the chancery court for an accounting between complainant as a mortgagee in possession of mortgaged lands and the defendant Rebecca M. Pollard as a redemptioner.　An account was stated by a special register to whom the matter was referred and to whose report both parties filed exceptions. One item reported on consisted of attorney's fees allowed as part of the mortgage debt under stipulations in the mortgage and made the subject of evidence taken on the reference.　On the hearing in the chancery court the original bill was against objection amended so as to increase complainant's claim for attorney's fees.　Thereupon after submission the court, after overruling some exceptions to the report and sustaining others, restated the account and rendered a decree accordingly.　From that decree both parties have appealed.

The case involves rules usually governing as between a mortgagee rightfully in possession of lands before foreclosure, and a mortgagor seeking to redeem, which we state so far as they seem to be applicable here.　In the absence of stipulations to the contrary the mortgagee if he has used the property himself must account to the mortgagor for its reasonable rental value.　If he rents the land he is accountable for the rents received though they exceed the value of its use, since he is not allowed to profit from rents beyond their application to the mortgage debt. For loss of rents and profits he is liable to the extent the loss results from his willful de-

fault or gross negligence, which in such cases is defined as a failure to use reasonable care and diligence. *Gresham v. Ware*, 79 Ala. 192; *Sloan v. Frothingham*, 72 Ala. 589; *Daniel v. Coker*, 70 Ala. 260; *Butts v. Broughton*, 72 Ala. 294. For waste committed the mortgagee's liability is measured by the extent to which the land's value is thereby diminished.—*Perdue v. Brooks Bros*. 85 Ala. 459. The mortgagee is entitled to credit for expenditures in making repairs and paying taxes and where there are charges for rents or losses such expenditures should be deducted from those charges.—*Blum v. Mitchell*, 59 Ala. 535. The mortgagee is not allowed to increase the cost of redeeming by reason of improvements as distinguished from repairs, or to be charged with rents or rental values in so far as they represent an increase from such improvements. These rules are deducible from the decisions of this court above cited together with the following among other authorities: *Adams v. Sayre*, 76 Ala. 509; *Dozier v. Mitchell*, 65 Ala. 511; *Barron v. Paulding*, 38 Ala. 292; *Hogan v. Stone*, 1 Ala. 496.

Recurring to this case we state at the outset our conclusion that errors have entered into the accounting, to an extent that renders necessary a reversal of the decree and a remandment for a re-statement of the account. Fruitful of error prejudicial to the respondent Mrs. Pollard was the theory adopted by the trial court that the complainant Mortgage Company was entitled to credits for repairs of the mortgaged property and taxes paid thereon by its vendee E. S. Armistead and his vendee R. L. Armistead while they respectively held possession as such vendees. While complainant's sale of the lands after its voidable purchase did not alter its status as a mortgagee in possession so as to destroy its right to credit for its expenditures properly made in that capacity, there is no rule of law or equity whereby it can be given the benefit of expenditure by others. Apparently the Armisteads after their respective purchases made repairs and paid taxes, not for complainant, but for their own supposed benefit and so far as appears complainant

[American Freehold Land Mortgage Company of London, Limited,
    v. Pollard; Pollard v. American Freehold Land Mortgage Com-
    pany of London, Limited.   (Cross Appeal.)]

has been at no cost therefor.  Its claim for credits there-
for stands on no better footing than would a claim for
like expenditures by a trespasser.

As against the complainant Mortgage Company there
was error in charging it with items amounting to $561
as money received by the Armisteads from the sale of
timber cut from the lands.  The cutting and taking of
timber from the premises without the mortgagor's con-
sent, should have been treated as waste permitted if not
committed, for which the Mortgage Company was respon-
sible, but not as profits received by it.  Its responsibility
for waste is measurable not by what was received from
sales of the timber but by the depreciation caused
in the value of the land by its having been denuded of
the timber.—*Perdue v. Brooks*, 85 Ala. 459.  What such
depreciation amounts to the evidence in this record fails
to show.

As shown in *Dozier v. Mitchell, Gresham v. Ware* and
*Sloan v. Frothingham, supra,* rules differing from those
we have stated are applicable where the possession has
been held and improvements made by a mortgagee or a
third person under a *bona fide* but mistaken claim of own-
ership.  It is here contended that after the mortgagor
Mrs. Pollard first answered the bill expressing her elec-
tion to affirm the purchase made by complainant at its
own sale, it has a right to assume that election was 'final
and that, therefore, it ought to be treated as a *bona fide*
claimant of ownership and as being entitled to the ben-
efit, in the accounting, of improvements since made and
also to have protection under section 1540 of the Code
which provides that "persons holding possession under
color of title in good faith, are not responsible for dam-
ages or rent for more than one year before the com-
mencement of the suit."  That contention cannot be sus-
tained.  As was held on the first appeal, Mrs. Pollard had
a right to withdraw that election and disaffirm the fore-
closure sale after the terms upon which the bill first
invoked her action were changed by the bill's amend-
ment to others more burdensome.  This, the Mortgage
Company was bound to have known, and, therefore, it
cannot escape accountability as a mortgagee in posses-

[American Freehold Land Mortgage Company of London, Limited,
    v. Pollard; Pollard v. American Freehold Land Mortgage Com-
    pany of London, Limited.   (Cross Appeal.)]

sion upon the theory that its purchase had been affirmed or by reason of its having sold the lands to Armistead. Its action in transferring possession to Armistead as vendee carried to him the right as between them to collect rents for himself, and amounted to a voluntary abdication of the duty imposed by its relation to the mortgagor in respect of directing profits of the lands towards a reduction of the mortgage debt. It is, therefore, justly chargeable as for willful default in obtaining profits during Armistead's occupation, and is not entitled to credit for improvements.  On the other hand, the company's liability for rents is not enhanced by reason of improvements, or by rents made and retained by the Armisteads, on their own account whether in excess of the rental value or not.  To hold it liable as having received those rents would be to indulge an unnecessary fiction.  What might be proper if the controversy were between the redemptioner and the Armisteads is not a matter to influence the decision of this case since their rights are not here involved.

By whatever method such an account is stated, profit charges are to be fixed at their net value, or what remains after deducting the mortgagee's proper expenditures for taxes and repairs, and such cost, whether of time or money, as the owner in possession acting providently would necessarily be subjected to in making and collecting profits whether renting the land in one body or by parcels.  Such charges are not measured strictly by what may be received as the result of factitious means, such as advancing supplies to tenants or by what remains as the result of expenses the owner need not incur.  Mrs. Pollard is not to be prejudiced because the mortgagee was a non-resident corporation and was compelled by that fact to pay agents for attention to rents.

When on default in paying instalments on the mortgage debt the mortgagee elected under terms of the mortgage to declare the whole debt due, all interest which had then accrued under the contract became due also. It was proper to carry into the account as part of the mortgage debt interest on the past due interest note from

[American Freehold Land Mortgage Company of London, Limited,
    v. Pollard; Pollard v. American Freehold Land Mortgage. Com-
    pany of London, Limited.    (Cross Appeal.)]ˑ

its maturity to the time of that declaration. There was
nothing in the company's subsequent dealings with the
mortgagor, or the land, to stop the running of interest
in its favor on the debt it secured.

By deducting sums paid on taxes by the company from
the rents and profits chargeable against it, the question
raised as to whether it should be credited with interest
on such sums will be properly disposed of.

No final decree having been rendered settling the mat-
ter of attorney's fees, amendment of the bill in respect of
the amount claimed was allowable under section 706 of
the Code. Services of counsel are to be allowed accord-
ing to stipulations of the mortgage as construed on
former appeals. We add to what was then said that
services in resisting redemption are not to be allowed
for except in so far as they may have been necessary to
collect the sum really due on the mortgage.

The chancellor might well have granted the motion to
recommit the matter to the register, because the account
was stated and the evidence was taken by him under
wrong directions contained in the decree of reference,
and also because the register ought to have reported the
fact as upon a special finding instead of by appending
what purports to be a stenographic report containing
several hundred pages of questions and answers com-
mingled with much more colloquy. The requisites of a
report in cases like the present are laid down in *Mahone
v. Williams*, 39 Ala. 202. But whether to grant the mo-
tion to recommit, or to state the account itself, was
within the court's discretion.

This decision will result in eliminating from the case
several questions of fact presented by this record, and
as to several others, we express no opinion, since they
will remain for consideration on another reference, and,
it may be, on new evidence.

The decree will be reversed on the appeal of the com-
plainant Mortgage Company and also on the appeal of
Rebecca M. Pollard, and the cause will be remanded for
further proceedings.