# Crittenden *v.* Chancey.

*Bill to Correct Misdescription, and for an Accounting.*

(Decided May 18, 1909. 49 South. 811.)

1. *Agreement of Counsel; Foreclosure; Accounting.*—Where it was agreed between parties as to an accounting that the register should credit the defendant with the value of the rent of the land during the time complainant had possession, since the date the complainant sold the property to the defendant, the register should have stated the amount for the period specified.

2. *Same.*—Where by agreement of parties it was provided that defendant should be credited with the value of the rents of certain of the property while in complainant's possession, and it appeared that complainant was not using this property himself, but was renting it out, he was chargeable only with the rents collected, and not with the rental value of the property, unless he was shown to have been grossly at fault or negligent.

3. *Appeal and Error; Waiver; Sufficiency of Transcript.*—Where the parties submit a cause on its merits they will be held to have waived the insufficiency of the register's certificate to the transcript.

APPEAL from Dale Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Amos Chancey against Ammon Crittenden. From a decree for complainant, respondent appeals. Reversed and remanded.

[Crittenden v. Chancey.]

The decree corrects the misdescription and forecloses the mortgage and refers the matter to the register to ascertain the amount due upon the mortgage. In his report the register charged appellee with the rental value of the land, of which the appellee had been in possession, instead of the rent actually collected by him while so in possession, and also began stating the account from August, 1896. The appellee filed an exception to the report, charging appellee with rents other than those actually received by him, and the appellant filed an exception to the report, wherein the register began the accounting in 1896. The chancellor sustained the appellee's contention as to the rent, but overruled the exception of the appellant to the time when the account should have begun to be stated. The agreement as to the statement of the account was that the register should ascertain and report the amount due and owing to the complainant on, under, and by virtue of said mortgages, including interest to this date, and including attorney's fees under certain conditions not necessary to be here set out. "The register will state the account between complainant and respondent from the date of the sale by complainant to the respondent of the Walter S. Edwards land." It seems from the record that the date of the transaction as to the Edwards land was in 1884, and the register began his statement of the account in 1886.

M. Sollie, for appellant.—Counsel discuss assignments of error, but without citation of authority.

Foster, Samford & Carroll, for appellee.—Counsel discuss assignments of error, but without citation of authority.

[Crittenden v. Chancey.]

McCLELLAN, J.—Bill by appellee against appellant to reform and correct certain deeds and mortgages between appellant and appellee, to take and state an account in the premises, and to foreclose the mortgages for the satisfaction of the sum so ascertained, together with the costs, etc. The parties entered into a written agreement, pending the litigation, wherein it was stipulated, among other things, that in stating the account the register "will credit respondent (appellant) with the value of the rents, as he shall find the same to be, of the James R. Edwards place during such time as he shall find from the proof that the complainant has had possession and control of the same since the date of the sale thereof by complainant to respondent." It was provided in the mentioned agreement that the "register will state the account between complainant and respondent from the date of the sale by complainant to the respondent of the Walter S. Edwards land," which was, it appears, August 31, 1883.

The only questions argued on this appeal are: First, whether in stating the item of rents to which the agreement stipulates, as quoted, the respondent shall be credited the reasonable rental value of the place is the criterion, as appellant contends, or, whether the rents collected by the mortgagee in possession shall control; and, second, whether the statement of the account should be for and covering the period stipulated, as stated above, in the agreement. On the second question there can be no possible doubt from the letter of the agreement; and, in consequence, the exceptions to the register's report, based expressly on an accounting for a much shorter and different period, should have been sustained, and the decree in this respect is necessarily erroneous.

The other question involves a construction of the quoted phrase of the agreement. We think the chancellor took the correct view, namely, that the value of the rents stipulated was the aggregate of the sum of the rents collected by the complainant within the period defined. The interpretation of this feature of the agreement is, as we take it, but a stipulation expressive of the law that a mortgagee, not himself using the property, but who rents it, must account only for the rents collected, provided, of course, there are no stipulations to the contrary and no gross fault or neglect imputable. It is hardly reasonable to suppose that these parties, through their solicitors, contemplated by the quoted stipulation the exemption of these parties from the rule stated, and the creation, in its stead, of a liability to account applicable only where the mortgagee is grossly at fault or negligent or is himself using the land.— *Amer. Free. Mort. Co. v. Pollard,* 132 Ala. 155, 32 South. 630, and authorities therein cited. Besides, the terms used are not as apt as others readily occurring to the mind to express the idea appellant asserts they mean. The agreement is evidently the product of a skilled draftsman, and this emphasizes the force, in interpretation, of the suggestion just stated. If the reasonable rental value of the premises had been contemplated, certainly some such expression would have been employed; or, even if the word "reasonable" had been interposed before the word "value," the meaning and intent would have been quite differently indicated. But, when the skilled draftsman omitted more apt words for expressing the asserted idea, we think the omission is a factor to be considered and accorded weight in interpreting the meaning and intent of the agreement. We therefore affirm the view taken in this regard by the chancellor.

The account must be restated, covering the period stipulated, and to that end we reverse the decree stating the account and ascertaining and declaring the amount of the indebtedness, and remand the cause. The suggestion, made only in brief, that the certificate of the register to the transcript is insufficient, was waived by submission on the merits. We interpret the certificate as asserting that the transcript contains the pertinent record and proceedings in the court below.—*Street v. Street,* 113 Ala. 333, 21 South. 138.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.