## Jackson, *et al.* v. Putman, *et al.*

### *Bill to Cancel Mortgage.*

(Decided November 12, 1912. 60 South. 61.)

1. *Infants; Guardian ad Litem; Appointment; Process.*—While the chancery court is the general guardian of all infants with authority to appoint a guardian ad litem, yet an appointment without proper service and without a compliance with the requirements of rules 20 and 23, Chancery Court Practice, is error to reversal.

[Jackson, et al. v. Putman, et al.]

2. *Appeal and Error; Incomplete Records; Presumptions.*—Where the transcript fails to show the filing of the bill or the service of process upon any of the defendants, but contains a copy of a notice to the guardian ad litem of his appointment, though without an order of the court to that effect, the transcript not purporting to be a complete record, it will be presumed that process was issued and that the guardian was regularly appointed.

3. *Equity; Pleading; Prayer; Parties.*—Where certain persons were specifically named and made parties respondent and appropriate relief was prayed, a demurrer was properly overruled in spite of Rule 17, Chancery Practice, although the names of such parties did not appear in a specific prayer for process.

4. *Mortgages; Redemption; Pleading.*—In a bill to redeem mortgaged property, a prayer for an accounting and that if "any balance remains due * * * they may be permitted to pay any sum found to be due defendants, or either of them in the premises," is an unrestricted offer to pay any sum found to be due according to the applicable principles of law and equity.

APPEAL from Lauderdale Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mattie Putman and others against Ludy M. Jackson and others to cancel a mortgage on the ground of payment, or to redeem if it should appear there was a balance. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

C. E. JORDAN and GEORGE P. JONES, for appellants. A bill must contain a prayer for process.—Rule 17 Chancery Pr.; Story's Eq. Pl., section 44; *McDonald v. McMahan,* 66 Ala. 155; *McKenzie v. Baldridge,* 49 Ala. 566. The bill did not sufficiently offer to do equity.— *Blum v. Mitchell,* 59 Ala. 538; *A. L. M. F. Co. v. Pollard,* 132 Ala. 155; s. c., 139 Ala. 183; *McQueen's case,* 127 Ala. 436; *Marks v. Clisby,* 130 Ala. 502; Sims Chan. Pr., sections 292, 293.

PAUL HODGES, for appellee. No brief came to the Reporter.

SAYRE, J.—This bill was filed by Mattie Putman, who is the widow of W. R. Putman, deceased, for her-

self and his infant children; necessity for the appointment or presence of an administrator being obviated by appropriate averments. Its purpose is to have a mortgage which had been executed by Putman in his lifetime to Andrew Jackson, since deceased, canceled because it has been satisfied, or, if it should appear that there remains a balance due thereon, to redeem. It shows that Lula M. Jackson is the widow of Andrew Jackson and the administratrix of his estate. She is made a party defendant as an individual and in her representative capacity, and there is a formal prayer for process against her in both capacities, as well as against another party defendant. The mortgagee's infant children, who are also his heirs, are severally named as parties defendant; but the absence of a specific prayer for process against them was pointed out in a demurrer which purported to have been filed by a guardian ad litem appointed for them. They now complain that the chancellor erred in overruling their demurrer.

A method of service upon infant defendants of summons to answer bills is prescribed by rule 20 of the rules of chancery practice (Code of 1907, p. 1533). Rule 23 regulates the appointment of guardians ad litem for infant defendants. The court of chancery is the general guardian of all infants within its jurisdiction, and has general authority to protect their rights by the appointment of a guardian ad litem; but an appointment without proper service and without compliance with the rules referred to is an irregularity which will suffice on appeal to reverse the final decree.—*Preston v. Dunn,* 25 Ala. 507; *Bondurant v. Sibley,* 37 Ala. 565. The transcript of the record in this case is incomplete in several respects. It fails to show a filing of the bill or service of process upon any of the defendants. It contains a copy of a notice to the guardian of his appoint-

ment by the court, but no order or decree of the court to that effect. Nor does the record purport to be complete. The register's certificate is that the transcript contains "a true and correct copy and transcript of all the proceedings on the several demurrers to the original bill and bill as amended." The amendment does not appear, nor any order allowing amendment. If, in this state of the record, we might assume that the chancery court proceeded in a proper way to the appointment of a guardian ad litem for the infant defendants after service upon them properly perfected, and further that counsel have discussed only rulings made in the court below on a record calling for such rulings, we should hold that there has been no error.

It is a general rule that none are parties defendant, though named in the bill, against whom process is not prayed. This, because in the stating part of his bill the complainant may name many persons concerned in the transaction upon which he claims relief, other than those against whom relief is sought, and it was the ancient practice to name the parties against whom relief was sought in the prayer for process only. As the Lord Chancellor said in *Fawkes v. Pratt,* 1 P. Wms. 593: "The plaintiff may complain and tell stories of whom he pleases; but they only are defendants against whom process is prayed." And in that case a plea was held good in which the defendant set up the fact that other necessary parties, though named in the bill, were not made defendants. Chancery Rule 17 prescribes that "the prayer for process or publication to answer a bill shall contain the names of all the defendants." We do not intend to detract from the utility or integrity of the rule. It will be observed in every orderly and carefully framed bill. Its neglect can only invite trouble. "This is certainly a convenient rule, and it seems to me

the only safe one by which, in many cases, it can be determined who are defendants.'—*Lucas v. Bank of Darien,* 2 Stew. 324. But the only object of the prayer for process is to designate which of those persons named in the stating part of the bill are to be proceeded against for relief. In this case the infants on whose account the guardian ad litem has demurred and appealed are specifically and severally named and made parties defendant, and appropriate relief is prayed. On the record before us we may presume that process was in fact issued and duly served, and that the court, in pursuance of its rule, has properly appointed a guardian ad litem to answer for them. Of what avail to anybody, in a case like this, to delay the bill until a purely formal and technical amendment be offered after the allowance of which the bill will no more certainly indicate the parties against whom relief is sought than it does in its present shape? Cessante ratione, cessat et ipso lex. We think these appellants were made defendants as efficiently as if there had been no omission of their names from the prayer for process.—*McKenzie v. Baldridge,* 49 Ala. 564; *Alley v. Quinter,* 1 McA. & McK. (D. C.) 390.

We do not understand our ruling here to be a departure from the rule of older cases. Those cases were different. For example, in *McDonald v. McMahon,* 66 Ala. 115, the assignee in bankruptcy of some of the parties defendants appeared upon the face of the bill to be a necessary party. But his name did not appear in the bill. The effort was to bring him in by the service of summons alone. The court said: "Nor was the assignee made a party by the mere issue to, and service upon him, of a summons requiring him to appear and plead or answer. The names of parties must appear in the bill; and, though named in the bill, none can be

regarded as parties defendant against whom process is not prayed." Other cases cited to the text of Sims' Chancery Practice, § 294, may be differentiated on similar or even more obvious grounds.

After averring that the mortgage had in equity been satisfied by rents collected by the mortgagee and by sales of timber cut from the land and disposed of by him, the bill proceeds: "If after ascertaining what was due and owing to the said Jackson or to his said estate with interest and giving credit for the rents and timber used, there should remain anything due on said mortgage, they have a right to know what it is." And prays for an accounting, and "that if it be ascertained any balance remains due and unpaid, * * * that they be permitted to redeem the same," offering at the same time "to pay any sum found to be due the said defendants or either of them in the premises." Appellants construe this offer to do equity as limited to an offer to credit the mortgage indebtedness with rents and the value of timber taken, whereas it may appear that they are entitled to credit for taxes paid, repairs, and perhaps other items. An offer to do equity being necessary, and the limited offer of the bill not being the equivalent of an offer to do equity generally, "the court," they say, "is without power or jurisdiction to render a decree requiring him (them) to do equity without such offer in his (their) bill." A bill to redeem must make a tender of the amount the plaintiff concedes to be due on the mortgage debt, or must offer to pay whatever may be found to be due. So far as concerns the timber, it may be that complainants' bill misconceives the rights of the parties.—*Perdue v. Brooks,* 85 Ala. 459, 5 South. 126; *Clark v. Zeigler,* 79 Ala. 346; *Am. Freehold Mtg. Co. v. Pollard,* 132 Ala. 162, 32 South. 630. But aside from this, reading all parts of complainants' offer to-

gether, we construe it as an unrestricted offer "to pay any sum found to be due" on an accounting between the parties according to all applicable principles of law and equity.

Notwithstanding the difficulties presented by the incompleteness of the record upon which the parties have, without objection, submitted the appeal, we have considered the questions raised by the assignments of error and brief for the appellants—appellees have submitted none—for the reason that the record discloses the fact that in some shape they had consideration in the court below. For aught that we can see the decree must be affirmed. Until a final decree shall have been reached, the decree in question, though here affirmed, will remain under the control of the chancery court.

Affirmed. All the Justices concur.