(125 So. 226)
**SMITH v. STRINGER.** (I Div. 518.)

Supreme Court of Alabama.   Oct. 24, 1929.

Rehearing Granted Dec. 19, 1929.

354

Gaillard & Gaillard, of Mobile, for appel-
lant.

G. B. Dunning, of Mobile, for appellee.

THOMAS, J. The rule as to estoppel in the assertion of a right to property to the prejudice of innocent parties is well understood and need not be repeated. Ivy v. Hood, 202 Ala. 121, 79 So. 587; Federal Land Bank v. Southmont Co., 219 Ala. 447, 122 So. 426.

The preponderance of the evidence shows that appellant, or her agent acting for her in the purchase, was induced to the purchase and her prejudice by the assurance of mortgagee that the law day was or had been extended. He was bound by that assurance and estopped to declare due the debt and foreclose the mortgage to the prejudice of such recent purchaser.

The damages shown to have resulted to the premises by the mortgagee, or as purchaser at his alleged foreclosure, though done and committed by his agent or immediate tenant placed by him in possession of said property, were ascertained and allowed on accounting. "A mortgagee, entering into possession of the mortgaged premises before foreclosure, is accountable for the rents and profits he may receive, or which he could with reasonable diligence have received. The liability rests upon him, if he enters under a void or voidable sale.—Bigler v. Waller, 14 Wall. 297 [20 L. Ed. 891]; Childs v. Childs, 10 Ohio St. 339 [75 Am. Dec. 512]. The purchase of Frothingham, at the unauthorized sale made by the personal representatives of Cary, when confirmed, operated simply a transfer of the mortgage and of the mortgage debt, and to these the purchasers from him were subrogated. While in possession, he, and the purchasers from him, can be regarded in no other light than as mortgagees in possession before foreclosure. Standing in that relation, taking the rents and profits in trust for their application to the payment of the mortgage debt, they must account for them to the junior mortgagees, having the equity of redemption. —Childs v. Childs, supra." . Sloan v. Frothingham, 72 Ala. 589, 606.

It is true that, after the law day, default, or forfeiture, a mortgagee is entitled to receive the rent, income, and profits thereof; there being no extension or lawful estoppel that intervened. Bank of Moundville v. Walsh, 216 Ala. 118, 112 So. 438. However, the estoppel applied to the past defaults of mortgagor is such that affected his grantee under the equities that obtained.

The trial court had the better opportunity to judge the evidence. However, we are of opinion that he has properly applied the evidence under the law in the accounting made between the parties as to the balance due.

The decree rendered is in consonance with the rules of law having application in a court of equity.

The decree of the circuit court is affirmed.

Affirmed.

SAYRE, BROWN, and FOSTER, JJ., concur.

#### On Rehearing.

THOMAS, J. The record discloses examination of witnesses as if before the court; yet that was not the fact as evidenced by the note of submission.

The rule of accountability for rents and profits that mortgagee actually received, or which he could, with reasonable diligence, have received, and that liability rests upon him if he enters under a void or voidable sale, Sloan v. Frothingham, 72 Ala. 589, 606, or for use and occupation, if the defendant himself was in possession of said land, Watson v. Steele, 78 Ala. 361, 364; American F. L. Mortg. Co. v. Pollard, 132 Ala. 155, 32 So. 630; Crittenden v. Chancey, 161 Ala. 519, 49 So. 811, is fully stated in the decisions here cited; and the mortgagee is entitled to be credited for reasonable expenditure "in making repairs (as distinguished from improvements) and paying taxes"; and where there are charges for rent or losses, such items of expense are to be deducted from charges for rent, losses, or waste, Perdue v. Brooks, 85 Ala. 459, 5 So. 126; Clark v. Zeigler, 79 Ala. 346; Jackson v. Putman, 180 Ala. 39, 60 So. 61; American F. L. Mortg. Co. v. Pollard, supra; Harris v. Jones, 188 Ala. 633, 65 So. 956.

Perhaps it is unnecessary to observe that one in possession of land, as purchaser at a mortgage sale duly and legally made in compliance with the terms of the mortgage, is not chargeable with rent or waste—such purchaser as the "absolute owner" is entitled to rents and profits, and unimpeachable for waste. Cramer v. Watson, 73 Ala. 127; Johnson v. Davis, 180 Ala. 143, 60 So. 799.

The case should be retried under the foregoing decisions. The accounting was rested upon rents alone. A due regard should be had as to whether or not that defendant was, for a part of the time, in possession by tenants, and whether or not, in the selection of

tenants, he employed reasonable care and diligence in renting the mortgaged property so as to keep it in a state of good preservation and make it productive; that is to say, he is responsible for waste, gross mismanagement, and for his own tortious acts (27 Cyc. 1139) or failure to use reasonable care and diligence (31 Cyc. 674; Watson v. Steele, supra). And if mortgagee was in possession through tenants, and fails to keep the property leased, he is accountable for the loss of rents and profits, to the extent only that the "loss results from his willful default or gross negligence, which in such cases is defined as a failure to use reasonable care and diligence." American F. L. & Mtg. Co. v. Pollard, 132 Ala. 155, 162, 32 So. 630, 631; Gresham v. Ware, 79 Ala. 192; Butts v. Broughton, 72 Ala. 294; Sloan v. Frothingham, 72 Ala. 589; Daniel v. Coker, 70 Ala. 260.

It results that the application for rehearing is granted, the judgment of affirmance set aside, and the decree of the circuit court is reversed, and the cause remanded.

SAYRE, BROWN, and FOSTER, JJ., concur.