155 So. 85

## SMITH v. STRINGER.
### I Div. 799.

Supreme Court of Alabama.
May 24, 1934.

Gaillard & Gaillard, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

BOULDIN, Justice.

The bill was filed by appellee, Louise Stringer, a purchaser of lands assuming an outstanding mortgage thereon, against F. R. Smith, the mortgagee, to cancel a foreclosure deed purporting to be made under power of sale, and to effectuate her equity of redemption. Incident thereto the bill sought an accounting for rents for which the mortgagee in possession should be charged, and also for waste in the destruction of a vineyard on the lands.

On final hearing the foreclosure was decreed invalid, because premature, and in violation of an agreement to extend the maturity of the mortgage to December 31, 1925, on the faith of which complainant purchased the property.

On appeal (Smith v. Stringer, 220 Ala. 353, 125 So. 226) this court affirmed the decree in that regard, but on rehearing reversed and remanded the cause for error in the decree fixing the amount of rents chargeable as a credit on the mortgage debt.

After the cause was remanded, further evidence was taken touching rents received, and outlays for taxes, repairs, and insurance on the residence (the mortgage stipulating the mortgagor should keep it insured); and on final decree from which the present appeal is taken, the trial court decreed a balance of rents due, after deducting such outlays, of $73.15. We see no good reason to disturb the decree in this regard.

On first hearing, the decree was silent as to the matter of waste. After the cause was remanded, some further evidence was taken on the issue of waste.

The trial court in final decree now before us found the mortgagee in possession liable for the destruction of 500 grapevines of the value of 75 cents each, $375. This, with interest, and balance due for rents, was decreed to be in full satisfaction of the mortgage debt, with balance over of $124.15, for which a personal decree was rendered against the mortgagee.

The allowance for waste is the substantial question now presented for review.

The depreciation or diminution in the value of the realty is the measure of damages for waste. American Freehold Land Mortgage Co. v. Pollard, 132 Ala. 155, 32 So. 630; Perdue v. Brooks Brothers, 85 Ala. 459, 5 So. 126; Stoudenmire v. De Bardelaben, 85 Ala. 85, 4 So. 723; Clark v. Zeigler, 79 Ala. 346.

No direct evidence on this question was presented. The evidence was directed to the value of a grapevine per se given, in part, on hypothetical conditions. The court does not find the extent to which the market value of the land was decreased by plowing up the grapevines, except upon the assumption that he regarded the value placed on the vines as his view of diminished value.

Evidence of the value of trees or vines is admissible to be considered along with all the facts in passing upon the injury to the value of the land. In certain cases, such as commercial timber growing on land, the stumpage value may be a fair measure of the diminution in value of the property. Clark v. Zeigler, supra; Long Distance Telephone & Telegraph Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Clark v. Whitfield, 218 Ala. 593, 119 So. 631.

The property here involved consisted of 15 acres of farm land, of the value of some $20 per acre, with a residence and barn, rather run down, the residence being recovered by the mortgagee.

On this tract there was in time past a vineyard, lying along the roadside, about one acre in area. Without substantial dispute this vineyard had not been cultivated or cared for for some years preceding complainant's purchase. It grew up in sedge grass, was burnt over from year to year, and was open to live stock running at large. Just how old these vines were is in sharp conflict. The weight of the evidence from disinterested witnesses shows, in our opinion, that it was an old vineyard, and had but little, if any, care from and after the death of James A. Barton, who had purchased the property from the original mortgagor, assuming the mortgage debt. His death occurred in 1920, and complainant purchased from his family in the spring of 1925.

While the weight of the evidence shows the roots or stumps of 500 or more of the vines were alive, and put out some growth in the spring of 1925, it had ceased to have the appearance or status in fact of a vineyard maintained as such; posts were rotted or

burned down, and after the mortgage was foreclosed in August, 1925, the tenant of the mortgagee plowed up the vines in turning the stubble.

There is an absence of evidence of .any income from a commercial crop, or even substantial domestic supply from the vineyard during these latter years.

Complainant purchased the property for $325, $25 cash and assumption of the mortgage $300, prior to the entry of the mortgagee, or any disturbance of the grapevines. There is evidence it was purchased as an investment, and some evidence that it was worth probably $750.

The Bartons had kept up the interest on the mortgage and paid $50 on the principal. Why they would sell at a grossly inadequate price does not appear.

In any event, upon a careful review and consideration of the evidence, taken before and after the former appeal, we conclude the court greatly erred in the allowance for waste. It should be and is here reduced to the sum of $50, a sum ample, we think, to cover any influence this vineyard had on the real value of the property.

This, with interest for eight years, $32, added to the balance found on rent account, $73.15, makes aggregate credits on the mortgage debt as of the date of the decree, July 31, 1933, the sum of $155.15.

The mortgage debt, with interest to same date was $486.

A decree will be here rendered ascertaining and decreeing a balance due on the mortgage debt of $330.85, with interest from July 31, 1933. Upon payment of same into court for the use of the mortgagee within ninety days from the date of this decree, the mortgage shall stand satisfied, and the register will so enter on the record thereof. It is further decreed that, upon failure of complainant to exercise her equity of redemption by payment of said sum within the time stated, such equity of redemption is forever foreclosed and barred.

The costs of suit in the court below will be taxed against respondent, F. R. Smith. The costs of appeal in this court and the court below will be taxed against appellee, Louise Stringer.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.