57 So.2d 393

**THOMPSON et al. v. THOMPSON et al.**

5 Div. 530.

Supreme Court of Alabama.

Jan. 17, 1952.

Rehearing Denied March 6, 1952.

Gardy Reynolds and Reynolds & Reynolds, all of Clanton, for appellees.

J. B. Atkinson, Clanton, and Godbold & Hobbs, Montgomery, for appellants.

STAKELY, Justice.

This is an appeal from a final decree of the equity court holding that the mortgage

which appellants seek to foreclose was not in default. The mortgage and the note secured thereby were executed by J. Reed Thompson and his wife Emily H. Thompson (appellees) in favor of Katie Duncan, now deceased, to secure the purchase price of certain lands located in Chilton County, Alabama, deeded to them by Katie Duncan.

Katie Duncan died intestate August 16, 1949. H. L. Thompson and H. F. Thompson, brothers of the deceased, were duly appointed administrators of her estate. On October 5, 1949, as administrators of her estate they instituted this action, claiming that the indebtedness secured by the mortgage was in default and seeking foreclosure thereof. Prior to bringing the action on September 4, 1949, the administrators declared all the indebtedness secured by the mortgage to be due and payable by reason of default in payment thereof. The note and mortgage which were executed on June 21, 1946, as part of the same transaction, both recite an indebtedness of $5,000 and in each instrument the $5,000 is made due and payable November 1, 1947. The mortgage also contains the following provision: "The indebtedness secured by this mortgage may be paid as follows: $500.00 on November 1st, 1947, and a like amount of $500.00 on the first day of each November thereafter, for a period of ten years, time being the essence of this agreement, until the sum of $5,000.00 is paid in full."

Katie Duncan was a widow and died at the age of 67. Her next of kin were her brothers and sisters and her nephew J. Reed Thompson. While in high school he went to live in her home with her and her aged mother and continued to reside there as a member of the family until the death of her mother. At about this time he entered Auburn and Katie Duncan went with him. Together they ran a boarding house to help him defray his expenses through college. When J. Reed Thompson married, Katie Duncan went to Birmingham to reside with her sister Mrs. Glennie Mims, a widow.

Assuming that payment of the mortgage debt was to be made in annual payments of $500 each for a period of ten years, the first payment of $500 was due November 1, 1947. Katie Duncan died August 16, 1949. At the time of her death $1053.02 had been paid on the mortgage and $45 was deposited in the Peoples Savings Bank of Clanton, Alabama, for credit on the mortgage indebtedness ten days after her death and prior to the appointment of administrators of her estate. The total of $1098.02 is arrived at as follows. On September 30, 1948, there was endorsed on both note and mortgage the receipt of $923.02. Receipt of $40 was endorsed on the mortgage under date of July 9, 1949. A further payment of $100 was made by deposit in the Peoples Savings Bank of Clanton on March 31, 1949. The foregoing amount of $923.02 was paid on the mortgage debt in various amounts, more specifically shown by the evidence, by deposit of the various amounts to the credit of Katie Duncan in the Peoples Savings Bank of Clanton. These deposits began with a deposit on December 8, 1947, of $100 and ended with a deposit on September 24, 1948, of $43, as shown by the records of the bank. The foregoing payments on the mortgage indebtedness are not questioned on this appeal.

There was deposited in court $500 on October 24, 1949, to take care of the payment due November 1, 1949. There was also deposited in court July 14, 1951, $500 to take care of any balance that may be due on the payment of November 1, 1950.

The note and mortgage although separate instruments were executed at the same time, in the course of and as parts of the same transaction. The mortgage refers to the note as evidencing the indebtedness secured by the mortgage. Accordingly the two instruments are to be read and construed together as if one in form.—Chambers v. Marks, 93 Ala. 412, 9 So. 74; Evans v. Kilgore, 246 Ala. 647, 21 So.2d 842. Under settled rules of construction we must give full effect and make consistent all the provisions of an instrument wherever possible. With these principles in mind we conclude that the provision in the mortgage providing for payment of $500 on November 1, 1947 and

a like amount on November 1, of each year for ten years, which has been set out above, confers an option on appellees to pay in the way therein provided. This special provision makes time of the essence when payment is made thereunder. It is without dispute that the payment due November 1, 1947 was not completed until September 2, 1948. So it is vigorously argued that a contract where time was of the essence has been violated and the mortgage became in default. The theory of appellants is that by the failure of appellees to make the first payment of $500 on November 1, 1947, the appellees surrendered any option that they might have had to exercise the optional method of payment and consequently the express language of the note and mortgage must be given effect, that is that $5,000 was due and payable on November 1, 1947. The point is made that the contract is unambiguous and accordingly the subsequent conduct of the parties cannot be considered as an aid to construction of the contract.

But it is not a question of construction of the contract, but rather a question of whether provisions of the contract have been waived. Even where time is expressly declared to be of the essence of the contract, such provision may be waived by the conduct of the party for whose benefit the stipulation is made. Lowy v. Rosengrant, 196 Ala. 337, 71 So. 439. Under the evidence we think that the court had the right to infer that the mortgagors elected to make payment under the special provision to which we have referred, and further that the mortgagee by her conduct and acquiescence waived any default that may have occurred in making the specified payments at the specified times. 59 C.J.S., Mortgages, § 501, page 804.

There is an acceleration clause in the mortgage and if it should be contended that failure to pay $500 promptly on November 1, 1947, matured the entire indebtedness, it is sufficient to say that here again waiver could set in under the facts and circumstances in the case. Barry v. Welch, 248 Ala. 167, 26 So.2d 872. Furthermore the acceleration clause is solely for the benefit of the mortgagee. Katie Duncan never elected to declare the entire balance of the indebtedness to be due. Watson v. Clayton, 230 Ala. 59, 159 So. 481. In fact her relations with and attitude toward her nephew was such as to indicate her wish that he pay when and as convenient to him.

According to the calculations of the court the appellees either paid to Katie Duncan or to the bank for her account or into court a sufficient amount to take care of all amounts due under the mortgage to the time this appeal was taken on August 16, 1951. The court further found that the appellees were ready, able and willing to meet all requirements of the mortgage, offered to do equity and submitted themselves to the jurisdiction of the court. We consider that the court acted correctly and in good conscience in holding the mortgage not in default and not subject to foreclosure.

Affirmed.

LIVINGSTON, C. J., and BROWN and LAWSON, JJ., concur.