117 So.2d 392

J. M. ATKINSON et al.

v.

Lelias E. KIRBY.

6 Div. 36.

Supreme Court of Alabama.

Jan. 14, 1960.

Johnson & Randall, Oneonta, for appellants.

Nash & NeSmith, Oneonta, for appellee.

SIMPSON, Justice.

This case was assigned to two other Justices, successively, in the order of their ascendancy to the bench. It was assigned to the writer, November 24, 1959, for study and preparation of the opinion.

Kirby, appellee, filed a bill in equity seeking foreclosure of a mortgage. The mortgage secured the balance of the purchase price of land purchased by J. J. Killough from appellee. The consideration in the mortgage was delivery of 30 bales of cotton in installments of 5 bales per year beginning with the first installment on December 15, 1945. The bill alleged default in 1945 and 1950. Prior to the due date of the first installment J. M. Atkinson and Elmer Atkinson purchased the land from Killough and assumed the mortgage. On August 1, 1946, the Atkinsons executed a mortgage on the same land to J. B. Harvey for $2,485.40. On March 18, 1948, the Atkinsons executed another mortgage on the same land to C. B. Harvey, as guardian of Ann C. Harvey, a minor. This last mentioned mortgage included, in amount, the $2,485.40 mortgage to J. B. Harvey, so the J. B. Harvey mortgage is out of consideration in the case.

J. M. Atkinson, Elmer Atkinson, Ann C. Harvey, whose disabilities of nonage have since been removed, and J. B. Harvey, were made parties respondent. Respondents separately filed demurrers, which the court overruled.

J. B. Harvey and Ann C. Harvey filed answer and cross-bills denying any amount to be due on the Kirby mortgage indebtedness, and denying the material averments of the bill. The cross-bills allege that cross-complainants are mortgagees without notice, and in the alternative that much of the mortgaged land lies in St. Clair County, that complainant's mortgage was not recorded in that county, and that cross-complainants' mortgages are superior to that of complainant on the land in St. Clair County.

J. M. and Elmer Atkinson were made parties respondent to these cross-bills, along with Kirby.

The trial court sustained demurrers to both of these cross-bills and that ruling was reversed on appeal to the Supreme Court. See Harvey v. Kirby, 259 Ala. 614, 68 So. 2d 40.

Ann C. Harvey amended her cross-bill by adding averments that appellee took possession of the land in November, 1951 and remained in possession without consent of the appellant; that the reasonable rental value of the land for the years 1952 and 1953 was over $1,000 per year; that during Kirby's possession of the land the buildings thereon depreciated in value at least $400 beyond normal wear and tear, and the land deteriorated in value at least $500 due to Kirby's failure to take reasonable care of said lands. In the alternative the cross-bill averred that Kirby rented the lands to a tenant without charging anything, and that he could have rented the lands for $1,000 a year and could have prevented the property from deteriorating to the extent of $1,000.

Kirby filed an answer admitting that he took possession without consent of appellants and denying the other material averments of the cross-bill.

Respondents, J. M. Atkinson and Elmer Atkinson, filed answer to the original bill and made the answer a cross-bill, averring substantially the same as did J. B. Harvey and Ann C. Harvey, to the effect that Kirby failed to act in good faith in handling the farm. This cross-bill prayed that Kirby be charged with the reasonable rental value of the land from 1951 through 1955 and also with the amount of depreciation ($1,000), and that the same be a credit

on the mortgage indebtedness, and for judgment over against the appellee.

Kirby answered this cross-bill admitting the taking of possession and denying the other material averments.

All the cross-complainants, except J. B. Harvey, amended their respective cross-bills by claiming rents for the years 1952, 1953, 1954 and 1955. The case was revived against the estate of J. B. Harvey, who meanwhile had died, in the name of M. E. Harvey, as executor. M. E. Harvey, as executor, made no claim for rent for the year 1955.

The evidence was taken before a commissioner and was submitted to the court on note of testimony for submission for final decree.

The following facts were uncontroverted: That 17 of the 30 bales of cotton had been delivered to Kirby on the mortgage indebtedness, leaving a balance of thirteen bales due; that the Harveys knew of the Kirby mortgage, having discussed it with him in his office in 1945 or 1946; that the Atkinsons left the premises and went to Florida in the fall of 1951. J. E. Bains, attorney at law, testified that a reasonable attorneys' fee for complainant's attorneys, including the mortgage foreclosure and all work done, would be from $750 to $1,000.

Testimony regarding the rental value of the property varied from $150 to $1,000 per year. Testimony as to the market value of the property in 1951 varied from $1,200 to $7,000. Testimony as to the market value of the property at the time the testimony was taken varied from $1,500 to $4,000.

The court rendered a final decree on the merits, decreeing that complainant had a valid first mortgage on the land and was entitled to the relief prayed, and fixing the balance due on the mortgage at $2,943.99. The court found that cross-complainants, Ann C. Harvey and M. E. Harvey, as executor, had actual and constructive notice of the existence of complainant's mortgage and were entitled to no relief under their cross-bills. (This finding of notice, of course, included Ann's guardian, J. B. Harvey.) The court allowed cross-complainants, J. M. Atkinson and Elmer Atkinson, the sum of $600 as relief under their cross-bill, to be set off against the balance due on complainant's mortgage. It was further ordered that the solicitors for complainant be allowed the sum of $750 as attorneys' fee. It was ordered that the lands be sold, etc.

From this decree J. M. Atkinson and Elmer Atkinson, and Ann C. Harvey and M. E. Harvey, as executor of the last will and testament of J. B. Harvey, deceased, take this appeal.

■ The trial court made no special finding on any of the issues involved and stated no account disclosing how he arrived at the sum decreed. The witnesses were not examined before him, and of consequence, under our statute, this court must review the cause without a presumption in favor of the decree. We will also attempt to state our view of the status of the account between the parties. Alexander v. Hicks, 242 Ala. 243, 5 So.2d 781.

The issues to be resolved are: The amount of the mortgage indebtedness remaining; the amounts to be credited against such indebtedness; the right of the junior mortgagees to redeem; and the amount of a reasonable attorney's fee.

■ The mortgage called for payment of 30 bales of cotton, in installments of 5 bales per year. The first installment was to become due in November, 1945. Prior to that date the Atkinsons assumed the mortgage and appellee agreed to extend the due date of the first installment to November, 1946. The mortgage contained an acceleration clause providing that should default be made in any payment "the whole of said indebtedness hereby secured shall at once become due and payable, and this mortgage be subject to foreclosure". This provision was enforceable at the option of the mortgagee, but he was not required by the terms of the mortgage or by law

to do so. Watson v. Clayton, 230 Ala. 59, 159 So. 481; 36 Am.Jur., Mortgages, § 392n; Thompson v. Thompson, 257 Ala. 10, 57 So.2d 393.

■ Starting in 1946 the installments were paid, according to the terms of the mortgage, until November, 1949, when only 2 bales of cotton were paid. The indebtedness became due at the time of this default, and interest should be computed accordingly. There was no provision for interest in the mortgage; and, therefore, we apply the legal rate up to the time of the final decree.

■ The evidence shows that in November, 1949 cotton sold for 30 cents per pound. There were 13 bales due on the mortgage, making the indebtedness at that time $1,950. Together with interest, the amount of indebtedness on the mortgage at the time of decree is $2,691. Appellee is also entitled to include in the indebtedness the amounts expended in making repairs on the mortgaged property and sums expended for insurance and taxes. American Freehold Land Mortgage Co. of London v. Pollard, 132 Ala. 155, 32 So. 630; Smith v. Stringer, 220 Ala. 353, 125 So. 226; Alexander v. Hicks, supra. The evidence shows that $160 was expended for insurance since 1951, that taxes paid on the land were $40, and that repairs, as distinguished from improvements, amounted to at least $120. The mortgagee is entitled to interest on these amounts. De Moville v. Merchants & Farmers Bank, 237 Ala. 347, 186 So. 704. But it is not necessary for us to compute it since it is clear that including interest the credits to which Kirby is entitled, when added to the mortgage indebtedness, show that the amount of indebtedness decreed by the court is most equitable and certainly not excessive.

■ The evidence is in sharp dispute as to what constitutes a reasonable rent for the property during the years it was in the mortgagee's possession. A mortgagee in possession, without foreclosure, is accountable for rents collected and such as he fails to collect through gross negligence, wilful default, or fraud. Barron, Meade & Co. v. Paulling, 38 Ala. 292.

■ Later cases treat reasonable care and diligence as defining an absence of wilful default or gross negligence. Alexander v. Hicks, supra. The status of a mortgagee in possession without foreclosure is that of a constructive trustee in dealing with the mortgagor's equity of redemption. Alexander v. Hicks, supra. This court announced in the Alexander v. Hicks case, supra [242 Ala. 243, 5 So.2d 783] that "we regard the trend of our own cases, as well as the weight of authority, to require 'reasonable diligence,' that diligence which one of ordinary diligence exercises in dealing with his own property" as defining the responsibilities of a mortgagee in possession without foreclosure.

■ The mortgagee went into possession of the premises in the fall of 1951. There is no satisfactory evidence that the land could have been rented to a suitable tenant during the years 1952 and 1953. The presumption is that appellee acted with reasonable diligence in allowing one Hawkins to live on the place during those years in return for making certain repairs and improvements and there is no sufficient evidence that one of "ordinary diligence" would have acted otherwise. Alexander v. Hicks, supra.

■ The evidence does show, however, that the land was rented in 1954 and that appellee was to receive one-fourth of the proceeds of the farm as rent. Some 47 acres were put into cultivation and an "average" crop was produced, but there is no evidence as to what constituted an average crop for this farm. There is evidence that the land could have been rented for $200 in 1955 and the evidence indicates that this would have been a reasonable rental value for 1954 as well. There is also evidence that the reasonable rental

value of the land would have been much more. The evidence is not clear as to the amount of deterioration of the land, if any. Those witnesses who testified that the land had deteriorated, and that its present value was less than the value at the time the mortgagee went into possession, also testified that the reasonable rental value at present was greater than the reasonable rental value in 1951. In this state of the record the reasonable rentals must be ascertained as best we may. Alexander v. Hicks, supra. The trial court allowed the appellants Atkinson $600 in this regard. While this question is difficult to decide, we have, after careful consideration of the voluminous record, reached the conclusion that it would be more equitable to allow $800 as rent due mortgagors.

The decree of the court allowed the sum of $600 to J. M. Atkinson and Elmer Atkinson, as relief under their cross-bill "which sum shall be set off against the balance due on complainant's mortgage". When a mortgagee is held accountable for rents and profits, or waste, he owes the mortgagor the duty to apply the amount to the mortgage debt, just as he is entitled to add to the mortgage debt the sums expended for repairs, taxes and insurance. Henderson v. Coon, 244 Ala. 324, 13 So.2d 564; American Freehold Land Mortgage Co. of London v. Pollard, supra; Hawkins v. Snellings, 255 Ala. 659, 53 So.2d 552; Alexander v. Hicks, supra. Although the cases often say that the mortgagee is entitled to credit or the mortgagee is charged with, it is actually the debt itself which is charged or credited and not the parties themselves. The decree, therefore, should be, and is hereby, modified so as not to allow this sum (modified to $800) as "relief" to any of the parties, but to apply the amount to the mortgage debt, thereby reducing it to $2,143.99, as of the date of the decree below.

Appellant, Ann C. Harvey, as junior mortgagee, has a statutory right of redemption where the equity of redemption has been extinguished by foreclosure. Tit. 7, § 727 et seq., Code of Alabama 1940.

The only remaining assignment of error concerns the allowance of $750 as attorneys' fee to complainant's solicitors. In fixing the amount of attorneys' fee the trial court may call to his aid his own estimate of the value of the services, and this court, in reviewing the amount fixed, will be guided by its own judgment upon a consideration of the whole record. Dent v. Foy, 214 Ala. 243, 107 So. 210; King v. Keith, 257 Ala. 463, 60 So.2d 47; Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266. Upon consideration of the entire record (comprising about 300 transcript pages) we are unable to pronounce error in the allowance made by the court.

The decree, as modified, will be affirmed.

Let the cost of the appeal be taxed one-half against the appellants and one-half against appellee.

Modified and affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.