180 So.2d 255

**COASTAL STATES LIFE INSUR-
ANCE COMPANY**

v.

**John I. GASS, as Admr., et al.**

8 Div. 199.

Supreme Court of Alabama.

Nov. 18, 1965.

John B. Tally and H. O. Weeks, Scottsboro, for appellee.

Joe M. Dawson and Jas. S. McGinty, Scottsboro, for appellant.

MERRILL, Justice.

Appeal from a decree in favor of complainant making a declaration of rights, enjoining respondent, The First National Bank of Stevenson, from foreclosing a real estate mortgage executed by complainant and his deceased wife, and ordering respondent-appellant, Coastal States Life Insurance Company to pay the amount of the mortgage to the bank and to have the mortgage marked satisfied and discharged.

Complainant-appellee, John I. Gass, filed the bill as an individual and as administrator of the estate of his deceased wife, Pauline Gass. He alleged that he negotiated a $1500 loan from The First National Bank of Stevenson on December 31, 1954. The loan was secured by a real estate mortgage on his homestead. The then vice-president, now president, of the bank, Clyde H. Woodall, stated that he could issue a term life insurance policy to cover the loan. Gass replied that he had adequate insurance coverage but the policy could be issued in his wife's name. Woodall wrote and issued the policy and the premium of $36.00 was paid. Mrs. Gass was in their automobile, parked on the street, and Woodall did not see or talk with her, and no application for insurance was signed by either Gass or his wife.

Mrs. Gass died on July 25, 1955, while the loan was unpaid and the policy was in effect. Complainant filed proof of loss and appellant refused to pay. Complainant asked the bank to collect the amount of the insurance, but it failed to do so and was threatening to foreclose the mortgage.

Complainant prayed for a declaration of rights, that the bank be enjoined from foreclosing the mortgage; that an accounting be had with the bank, the amount owed by Gass ascertained, a judgment in favor of complainant for such amount and for general relief.

Respondents appeared specially and filed pleas in abatement setting up the failure of complainant to name the relatives of his de-

ceased wife as parties. The plea in abatement was overruled and respondents filed demurrers, which were also overruled; and they filed two special pleas challenging the insurability of Mrs. Pauline Gass on the ground (1) that she was not a borrower from the bank and could not be insured; and (2) that she was not in insurable health when the policy was issued.

The trial court found against the appellant on the special pleas, found the policy binding upon appellant and ordered appellant to pay the debt plus interest, and ordered the mortgage marked satisfied. Respondents Woodall and The First National Bank of Stevenson did not appeal.

■ Appellant argues first that the court erred in overruling the plea in abatement which pointed out that all of Mrs. Gass' relatives by blood or marriage were necessary and indispensible parties to the cause. This argument is based upon Brantley v. Brantley, 258 Ala. 367, 63 So.2d 29, and Tit. 7, § 166, Code 1940, which provides, in part:

"All persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. * * *"

In Trammell v. Glens Falls Indemnity Co., 259 Ala. 430, 66 So.2d 537, we discussed the Brantley case and construed Tit. 7, § 166, and held that there were necessary parties on each side of the controversy, and even though all persons interested were not made parties, the judgment was not void for want of necessary parties.

Here, the policy provided that after paying the creditor, any balance of the policy should be paid "to any relative by blood, or connection by marriage of Borrower or to the Estate of the Borrower." Mr. Gass was appointed administrator of the estate of his deceased wife and he sued in that capacity.

The heirs of the decedent were not necessary parties. Title to any asset of the estate was in the administrator and it was his authority and duty to realize it. Barnett v. Waddell, 248 Ala. 189, 27 So.2d 1. The interests of the heirs were protected and represented by the administrator. The plea in abatement was properly overruled.

■ Appellant's second argument is that the court erred in overruling the demurrer to the bill. This being a bill for declaratory judgment, the demurrer was properly overruled in order that an answer could be filed and a declaration of rights made. City of Mobile v. Jax Distributing Co., 267 Ala. 289, 101 So.2d 295, and cases cited; 7A Ala.Dig., Declaratory Judgment, ☞325.

■ The ground of demurrer that the bill was defective because it was not sworn to as required by Equity Rule 12, since injunctive relief was requested, was not well taken.

A bill is not subject to demurrer for failure to verify it to the extent that it seeks injunctive relief, although a temporary injunction will not be ordered unless it is verified. McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808. Since the bill sought other than injunctive relief, the demurrer was properly overruled.

■ Assignment of error 10 presents the main question in the case. Appellant states in brief: "The principal question for decision in the instant case is whether Pauline Gass was, on the date of the issuance of the certificate, a borrower or debtor of the First National Bank of Stevenson, Alabama, who was eligible for insurance coverage under the Master Policy." The Master Policy and the certificate imply that the only persons eligible for insurance are borrowers or debtors of the bank. It is without conflict that the loan was made to John I. Gass and he alone signed the note. These facts were known to Vice-president Woodall because he handled the loan for the bank and issued the policy of insurance. But the Master Policy also provided:

"* * * Where the instrument evidencing the indebtedness is executed by

two or more persons, the Debtor insured under the Policy shall be the person whose signature appears first, *unless at the time the insurance becomes effective the Creditor* to which the indebtedness is owed *designates one of the other persons executing such instrument as the Debtor insured.*" (Emphasis Supplied)

Vice-president Woodall represented the creditor and he designated Pauline Gass, one of the persons executing the mortgage, "as the Debtor insured" in the certificate and accepted the full premium.

Appellant argues that the note was signed by John I. Gass only. But the mortgage was given at the same time. Where a note and mortgage, although separate instruments, were executed at the same time, in the course of and as parts of the same transaction, and the mortgage refers to the note as evidencing the indebtedness secured by the mortgage, the two instruments are to be read and construed together as one in form. Thompson v. Thompson, 257 Ala. 10, 57 So.2d 393, and cases there cited.

We have also held that a wife who has a pecuniary or beneficial interest in her husband's property, or would suffer some disadvantage from its loss, has an insurable interest therein. The term "insurable interest" is more extensive than property or estate. Any qualified or limited interest in the subject of insurance is sufficient, and an equitable interest is sufficient to support an insurable interest. American Equitable Assurance Co. v. Powderly Coal & Lumber Co., 225 Ala. 208, 142 So. 37; North British & Mercantile Ins. Co. v. Sciandra, 256 Ala. 409, 54 So.2d 764, 27 A.L.R.2d 1047. Certainly, Mrs. Gass had an interest in not losing her home even though title was in her husband.

We agree with the trial court that the Master Policy gave to Woodall the authority to designate Mrs. Gass "as the Debtor insured" and he did so.

■ Assignment of error 7 argues that the court erred in failing to sustain its plea that Mrs. Gass was not in insurable health when the policy or certificate was issued.

Mrs. Gass had surgery on her upper jaw in July, 1954, and the diagnosis, both local and a New York laboratory, was that the tissue and bone removed showed a probable malignancy, but not definite. The operation for a small tumor on her jaw was considered successful and when the patient was seen in October, 1954, the "wound had healed completely and the clinical impression was that the tumor had been completely removed," and there was no malignancy. This, of course, was two months before the loan was made. The surgeon saw her again in June, 1955; she had a small tumor on her jaw that grew rapidly into the size of a volley ball and she died on July 25, 1955. The death certificate signed by the surgeon gave the cause of death as "osteogenic sarcoma, right upper jaw" (cancer of the jawbone). It was the surgeon's opinion that Mrs. Gass was completely cured in October, 1954, and that the rapidly growing tumor that caused her death had not been apparent prior to April or March, 1955. This was ample evidence to support the finding of the trial court that she was insurable from a health standpoint in December, 1954.

■ Assignments of error 11, 12 and 14 challenge the decree in awarding interest at eight per cent on the note and mortgage from the date they were executed. Appellant contends that the interest, if any were due, would be at six per cent and due only from the date the appellant refused to pay the debt owed the bank.

It is true that Tit. 9, § 62, Code 1940, provides that:

"All contracts, express or implied, for the payment of money, or other thing, or for the performance of any act or duty, bear interest from the day such money, or thing, estimating it at its money value, should have been paid,

or such act, estimating the compensation therefor in money performed."

But a contract providing for a debt to be paid at a future date with interest, bears interest from date, notwithstanding this section. Southern Inv. Co. v. Galloway, 206 Ala. 445, 90 So. 300; Campbell Printing-Press & Mfg. Co. v. Jones, 79 Ala. 475. Here, the note and mortgage were executed on December 31, 1954, and the debt was payable one-half in twelve months, the remainder in twenty-four months, and bore interest from date of execution.

Damages for breach of a contract should restore the injured party to the condition he would have occupied if the contract had not been violated, or had been fully performed. Kennedy v. Hudson, 224 Ala. 17, 138 So. 282; Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230. Here, the original indebtedness, covered by the policy, was $1500 plus interest from December 31, 1954. No payment had become due or made when appellant became liable under the contract. We find no error in the ruling of the court as to the interest.

Assignments of error 8 and 9 charge that the decree of the court (8) "is contrary to the weight of the evidence", and (9) "is contrary to the preponderance of the evidence." These two assignments present nothing for review. Franklin v. State, ex rel. Trammell, 275 Ala. 92, 152 So.2d 158; Randolph v. Kessler, 275 Ala. 73, 152 So.2d 138.

Assigment of error 13 does not complain of any adverse ruling of the court affecting appellant. The alleged error relates to an order affecting the respondent bank, which did not appeal. It was not adverse to appellant. Only adverse rulings of the trial court are subject to an assignment of error and reviewable on appeal. Thompson v. State, 267 Ala. 22, 99 So.2d 198, and cases there cited.

We note that although the events listed occurred in 1954 and 1955, the decree in this case was rendered on October 20, 1964. No reversible error has been presented.

Affirmed.

LIVINGSTON, C. J., SIMPSON and HARWOOD, JJ., concur.