278 So.2d 698

**Charles Thomas BAUGHN et al.**

v.

**Jimmy C. LOTT et al.**

**SC 118.**

Supreme Court of Alabama.

May 24, 1973.

Steven D. Pugh, Birmingham, for appellants.

No brief for appellees.

BLOODWORTH, Justice.

This appeal is from a final decree of the Circuit Court of Walker County, in Equity, which, along with other relief granted, ordered reformation of certain deeds from appellees, Hendon and Stewart, conveying certain tracts of land to appellants, Baughn, and appellees, Lott, because of mutual mistake of the parties. Those assignments of error which we consider to be sufficient and which are adequately argued by counsel for appellants, complain of this decree of the trial court which granted reformation.

It appears from the testimony that appellees, Elton Stewart and Mary Ellen Stewart, sold a house and lot on Smith Lake in Walker County to appellants, Baughn, husband and wife. Subsequent to the purchase, appellants, Baughn, had their boundary lines surveyed. The survey showed that a portion of their house was on a lot deeded to one Barton and further showed that a portion of a railway caboose owned by appellees, Lott, also husband and wife, and used by them as a weekend cottage, was on the property deeded to appellants.

Appellants, Baughn, filed a suit in ejectment against appellees, the Lotts, the Hendons and the Stewarts, in the Circuit Court of Walker County. These appellees then filed a bill in equity in the Circuit Court of Walker County, which sought to enjoin the prosecution of the ejectment action by appellants, Baughn, and further sought the reformation of the Lott and Baughn deeds. Other injunctive relief was also sought by the bill.

The trial court, after hearing the cause ore tenus, granted the relief sought by appellees.

Appellants, Baughn, assert, in brief, that there was no mutual mistake of the parties. Appellants appear to be complaining of the sufficiency of the evidence to support the final decree.

We have reviewed the record in sufficient detail to determine that there is sufficient evidence in the record from which the trial judge could have found that there was mutual mistake of the parties in the descriptions of the several deeds.

We have been handicapped in our review as we also were in our recent case of Morris v. Morris, 290 Ala. 41, 273 So.2d 203. In that case, as in this case, at many points in the transcript, the witness testifying has, in answer to a question, replied "right here." Whereupon, the reporter has shown, viz: "(indicating)." We did not see the pointing finger nor the place to which the witness referred. The trial court was not so limited. There is no way for this or any appellate court to review such answers.

In view of the presumptions which exist on behalf of the trial judge's decree when the cause has been heard ore tenus, we can see no reason to disturb the decree of the trial court granting reformation.

Such rules are so well settled as to hardly require citation of authority. Nevertheless, see cases, Ala.Dig., Vol. 2A, § 1008(1), § 1009(1).

Let the final decree of the trial court be affirmed.

Affirmed.

HEFLIN, C. J., and COLEMAN, McCALL and JONES, JJ., concur.