Burttram & Williams, Birmingham, for appellant.

299 So.2d 246

**Ida Ruth Hinds ROACH**

v.

**J. J. HINDS, Sr., et al.**

**SC 526.**

Supreme Court of Alabama.

Aug. 15, 1974.

Nash, NeSmith & Walker, Oneonta, for appellees.

MADDOX, Justice.

This is a dispute among relatives over the ownership of 160 acres of land in Blount County. Although other lands were involved, the only parcel involved in this appeal is the NW ¼ of Section 6, Township 10, South, Range 2, East.

The action began when Ida Ruth Hinds Roach filed a complaint in which she asked the court to sell the disputed parcel and divide the proceeds and distribute them among the joint owners.

Three of the respondents, Maggie Hinds, Robert Hinds and Jerry Hinds, filed responsive pleadings. They also filed a cross-bill, in which they asked for three things: (1) the reformation of a 1926 deed to correct an erroneous description, and (2) a determination of their individual interests in the land, and (3) an order to partition the land among the joint owners.

After oral hearing, the trial judge found for the cross-complainants. He ordered a reformation of a 1926 deed to correct a description contained in the deed. He determined that Ida Ruth Hinds Roach had no interest in the disputed parcel. He ordered a survey of the lands of the various heirs and after reviewing the survey, decreed a partition of the lands among them.

The original complainant, Ida Ruth Hinds Roach, appealed from the decree.

It is agreed that at one time the subject tract (NW ¼ of Section 6, Township 10, South, Range 2, East) was jointly owned by A. M. Hinds, Sr. and J. W. Hinds. On December 14, 1926, A. M. Hinds, Sr. (and his wife) conveyed his undivided one-half interest in and to the subject tract to his son, A. M. Hinds, Jr.

The description in the 1926 deed referred to the "NE ¼ of Section 6, Township 10, Range 2 East." The widow and heirs of A. M. Hinds, Jr. (appellees here) claimed the description was erroneous and asked that the description be corrected so that it would read "the NW ¼ of Section 6, Township 10, Range 2 East." They claimed that A. M. Hinds, Jr. was given possession of the "NW ¼ of Section 6." The court agreed with their contention. He reformed the deed.

The widow and heirs also claimed that during their lifetime, A. M. Hinds, Jr. and J. W. Hinds, as owners of undivided half-interests in the subject parcel and other lands, agreed upon a division and partition between them. The court found that "there was an attempted partition . . . by A. M. Hinds, Jr. and J. W. Hinds, during their lifetime . . . ." He ordered a survey to "show the lands as partitioned by the agreement of the said A. M. Hinds, Jr. and J. W. Hinds during their lifetime . . . ." The survey was made; the court ordered the lands partitioned in accordance with it.

The evidence was heard by the trial judge without a jury. There was clear and concise evidence introduced to show that the description in the 1926 deed was erroneous and did not express the true agreement of the parties. Consequently,

the court did not err in reforming the deed. See Baughn v. Lott, 291 Ala. 113, 278 So.2d 698 (1973). Furthermore, when the trial judge hears the evidence orally, his findings are like a jury verdict. If fairly supported by credible evidence, his findings will not be disturbed on appeal unless they are plainly erroneous. We find no plain error in his findings. We affirm.

Affirmed.

MERRILL, HARWOOD, McCALL and FAULKNER, JJ., concur.