ALMON, Justice.
This is an appeal by Mattie L. Johnson, one of the defendants in the circuit court, from a final judgment which reformed a deed.
A district judge in the circuit was appointed to sit on the circuit court bench in this case by assignment of the presiding circuit judge. Rule 13, Alabama Rules of Judicial Administration.
Mattie Johnson seeks a reversal of the judgment, contending that 1) the trial court committed error in refusing to grant a jury trial; 2) the judgment is against the great weight of the evidence; and 3) Rule 13, ARJA, is unconstitutional.
On February 15, 1955, Lonnie Jemison purchased from Mr. and Mrs. E.L. Coley approximately 20 acres of realty located in Perry County, Alabama. The deed, which Lonnie duly recorded, described the property as being “N ½ of NW Vt of the SE ¼ of Section 6, Township 20, Range 8 East, containing 20 acres, more or less” (emphasis added). The following year Lonnie conveyed to his wife Mary Ella an undivided ½ interest in the above described property, by a deed which was also duly recorded.
Lonnie died intestate in 1967. At the time of his death, his widow Mary Ella had two children: a daughter, defendant Mattie Johnson, who was admittedly not the natural child of Lonnie, and a son, defendant McArthur Jemison, whose paternity was in dispute. No other heirs or next of kin of Lonnie were known to exist.
On September 26, 1979, Mary Ella executed an affidavit which stated that she and her deceased husband Lonnie had no children together and that she was his sole heir and next of kin. Believing that she had inherited the remaining ½ undivided interest in the realty, Mary Ella then sold the entire 20 acre parcel for $4,800.00 to C.J. Tucker on October 9, 1979. Because of reliance upon incorrect descriptions contained in prior instruments in the chain of title, the warranty deed, which Tucker duly recorded, erroneously described the realty as the “NE ¼” rather than the “NW ¼.” Although Tucker included this erroneous description in a subsequent deed to Mr. and Mrs. William D. Suddeth, he corrected the description to read “NW ¼” in a duly recorded correction deed to the Suddeths. After Mary Ella’s death in 1981, the Sud-deths conveyed the property to the plaintiff, Kirtley W. Brown, on February 19, 1981, incorporating the correct description of the realty in the deed.
On September 2,1981, Brown sued Mattie Johnson, McArthur Jemison, and all unknown and unborn heirs of Mary Ella Jemi-son, seeking reformation of the deed executed by Mary Ella to Tucker.
On October 2, 1981, Mattie Johnson filed an answer, which included a general denial and several affirmative defenses but which did not include a request for a jury trial. McArthur, however, filed a separate answer which requested a jury trial and which alleged that Lonnie was his natural father.
At a pre-trial hearing on January 7, 1982, the trial judge granted Brown’s motion to strike McArthur’s jury demand and ordered that counterclaims be filed by January 14, 1982. When McArthur dilatorily filed a counterclaim on January 21, 1982, which restated a jury trial request, the trial court granted Brown’s motion to dismiss the counterclaim.
*1275 The court entered a final judgment on March 8, 1982, which reformed the deed from Mary Ella to Tucker to read “NW ¼” based on a finding of mutual mistake of the parties and on Mary Ella’s status as the sole heir and next of kin of her deceased husband, Lonnie. The motion for a new trial was denied.
In failing to make a timely demand for a jury trial in accordance with Rule 38, A.R.Civ.P., Johnson waived her right to a trial by jury. Forrester v. Putman, 409 So.2d 773 (Ala.1981). She, therefore, may not assert error in the lower court’s refusal to grant a jury trial.
[2] Moreover, she cannot complain of any error which affected the non-appealing party, McArthur Jemison, who timely requested a jury trial below. Otts v. Gray, 287 Ala. 685, 255 So.2d 26 (1971) (plaintiff cannot assert error adverse to third party plaintiff where plaintiff never asserted claim against third party defendant and third party plaintiff dismissed appeal); Coastal States Life Ins. Co. v. Gass, 278 Ala. 656, 180 So.2d 255 (1965) (respondent cannot appeal error affecting non-appealing co-respondent).
Additionally, a party is not entitled to a jury in an action for reformation of an instrument. Holloway v. Nationwide Mut. Ins. Co., 376 So.2d 690 (Ala.1979).
Johnson’s assertion that the verdict is against the great weight of the evidence must likewise be limited to errors affecting Johnson only. Coastal States Life Ins. Co., supra, 278 Ala. at 661, 180 So.2d at 259.
After a detailed review of the record, we conclude that there was sufficient evidence to support the trial judge’s finding that the description in the 1979 deed was erroneous and did not express the true intent of the parties. Roach v. Hinds, 292 Ala. 641, 299 So.2d 246 (1974).
Because of the presumptions militating in favor of the trial judge’s decree when the case has been presented ore tenus and without a jury, we will not disturb the lower court’s judgment granting reformation. Baughn v. Lott, 291 Ala. 113, 278 So.2d 698 (1973).
Lastly, Johnson seeks to contest the constitutionality of Rule 13 of the Alabama Rules of Judicial Administration, which authorizes a presiding circuit judge to temporarily assign a circuit or district judge to serve in either a circuit or district court within the circuit. This alleged error was not preserved for review, because Johnson failed to object before the close of the trial to the trial judge’s hearing the case. Kimball v. Penney, 117 Ala. 245, 22 So. 899 (1897).
Even if Johnson had properly raised the Rule 13 issue, this Court has recently held that Rule 13 does not violate the constitutional provision vesting this assignment authority in the Chief Justice. State ex rel. Locke v. Sweeney, 349 So.2d 1147 (Ala.1977).
The judgment of the circuit court is therefore affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, SHORES and EMBRY, JJ., concur.
MADDOX, BEATTY and ADAMS, JJ., dissent, with opinion by ADAMS, J.