MOORE, Judge.
Morris A. Manley appeals from a judgment of the Etowah Circuit Court approving a settlement agreement stemming from a claim filed by his father, Merrell Manley, contesting the will of Molly Cheat-wood, Merrell’s sister. We dismiss the appeal.
Cheatwood died on ■ October 12, 2014, and her will was submitted for probate in the Etowah Probate Court on November 20, 2014. Merrell filed a will contest in the probate court on January 5, 2015.‘On April 21, 2015, the probate court appointed Steven Vaughn as the administrator of Cheat-wood’s estate. On April 24, 2015, Merrell filed in the circuit court a petition seeking, among other things, to remove the administration of Cheatwood’s estate to the circuit court and the removal of Vaughn as the administrator of Cheatwood’s estate; he also requested temporary and permanent injunctions restraining Vaughn from removing timber from, or otherwise affecting the appearance of, the real property held by Cheatwood’s estate.[1] The various claims asserted by Merrell and his successor are hereinafter referred to as the “contest claims.” On March 15, 2016, Merrell’s attorney, Thomas A. King, filed a suggestion of death, informing the circuit court that Merrell had died on October 15, 2015. On that same date, King filed a motion seeking to substitute Rodney Ward, as the administrator of Merrell’s estate, as the plaintiff; the circuit court granted that motion. The circuit court entered an order on June 10, 2016, indicating that King had reported to the circuit court that a settlement had been effected such that Merrell’s estate and the surviving children of Emory Manley, the deceased brother of Merrell and Cheatwood, would receive $281,233.33 in settlement of the contest. The circuit court noted that it had heard the testimony of Merrell’s children, Mona Manley and Morris Manley, concerning their objections to the settlement. The circuit court approved the settlement, noting that, upon payment of the agreed-upón amount, the contest claims would be dismissed with prejudice and the administration of Cheat-wood’s éstate would be demanded to the probate court. On Juné 15, 2016, King, as attorney for Merrell’s estate, and Michael Haney, the attorney for Cheatwood’s esate,1 stipulated to the circuit court that the contest claims had been settled and that the ordered moneys had been disbursed, and they asserted that the contest claims should be dismissed with prejudice and that the administration of Cheatwood’s estate should be remanded to the probáté court. On that same daté, the circuit court entered an order dismissing; th’e contest claims with prejudice and remanding the administration of Cheatwood’s estate to the probate court. Morris Manley filed a *248 notice of appeal to the Alabama Supreme Court on July 21, 2016; that court subsequently transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.
On August 10, 2016, Vaughn filed in this court a motion to dismiss the appeal, asserting that Morris had not been a party to the circuit-court action. Morris has not responded to that motion. In his brief on appeal, Morris admits that he was not represented by an attorney at the hearing before the circuit court, but, he says, he was allowed to testify."Although Morris is an heir to Merrell’s estate and testified at the hearing in that capacity, he was never made a party to the action and, thus, is not a party to the judgment from which he has purported to appeal.
In McCollum v. Keating, 5. So.3d 1283, 1284 (Ala. Civ. App. 2008), the administra-trix of the estate of a decedent who had been involved in a motor-vehicle accident sued several defendants, alleging various claims stemming from the decedent’s death that resulted from that accident. The trial court entered a protective order prohibiting “any other person or party” from disposing of, selling, repairing, or otherwise materially affecting the decedent’s vehicle, which had been involved in the accident. Id. Following a request by one of the parties, the trial court amended its protective order to expressly make it applicable to the wrecker service that was in possession of the decedent’s vehicle; the wrecker service was not a party to the action. Id. Later, the wrecker service filed a statement in the .trial court claiming a lien against any judgments or settlements entered for the charges it had incurred as a result of storing the vehicle, but it did not seek to intervene as a party to the action. Id. at 1284-85. The trial court ordered the wrecker service to allow the parties to inspect the vehicle; the wrecker service filed a motion requesting that the accrued storage fees for the vehicle be taxed as costs or taxed against the defendants, and the trial court denied that motion. Id. at 1285. Following a joint filing by the parties; the case was dismissed; however, after the entry of the judgment, the wrecker service filed motions seeking relief from the judgment and objecting to the dismissal of the case. Id. The wrecker service appealed the dismissal to this court. Id at 1286. In determining that the wrecker service had not been added as a party to the judgment below and, as a result, did not have standing to appeal, this court stated, in pertinent part:
“ ‘ “Unless a person is a party to a judgment, he [cannot] appeal from that judgment. That fundamental principle is one of the oldest in Alabama jurisprudence.” Daughtry v. Mobile County Sheriffs Dep’t, 536 So.2d 953, 954 (Ala. 1988). “One must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judgment.” Mars Hill Baptist Church of Anniston v. Mars Hill Missionary Baptist Church, 761 So.2d 975, 980 (Ala. 1999) (emphasis added [in Bosc-hert). See also Triple J Cattle, Inc. v. Chambers, 621 So.2d 1221 (Ala. 1993).
“ ‘Boschert has never been a defendant, a representative, or a member of the plaintiff class in the Naef case. It is not an intervenor. Consequently, the notice of appeal filed by Boschert failed to invoke the appellate jurisdiction of this Court. For these reasons, the appeal must be dismissed.’
“[Boschert Merrifield Consultants, Inc. v. Masonite Corp.,] 897 So.2d [1048,] 1051-52 [ (Ala. 2004)].
“Similarly, [the wrecker service], although the target of discovery and evidence-preservation orders in this case, never took the steps permitted by the *249 Alabama Rules of Civil Procedure (see Rule 24, Ala. R. Civ. P.) to make [itself] a party to the judgment from which [it] has purported to appeal. [The wrecker service] thus lacks standing to appeal from the judgment; therefore, we lack jurisdiction over the appeal and dismiss it ex mero motu. See Rule 2(a)(1), Ala. R. App. P.”
5 So.3d at 1287.
In the present case, like in McCollum, Morris was not made a party to the action before the circuit court at any time. His interest as an heir of Merrell’s estate, which was a party to the judgment, was protected and represented by Ward, as administrator of Merrell’s estate. See Coastal States Life Ins. Co. v. Gass, 278 Ala. 656, 659, 180 So.2d 255, 257 (1965). Because Morris was not a party to the circuit court’s judgment, he has no standing to appeal from that judgment. Accordingly, the motion to dismiss filed by Vaughn is due to be granted. We therefore dismiss Morris’s appeal.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.

. Although there is no order in the record indicating that the administration of Cheat-wood’s estate was removed to the circuit ■court; it is clear the administration of Gheat-wood’s estate was transferred to the circuit court.